### UNITED STATES *v.* McCONAUGHY.

*(District Court, D. Oregon. December 29, 1887.)*

**1. PERJURY—INDICTMENT—ALLEGATION OF DEFENDANT'S OATH.**

In an indictment for perjury, it must distinctly appear that the defendant was sworn.

**2. SAME.**

An allegation that the defendant did "depose and swear" to the truth of the answers contained in the deposition following, does not show that the defendant was "sworn" to the truth of said answers.

**3. SAME.**

One may "swear" who is not "sworn;" and in such case the oath is not administered, but self-imposed, and the swearer incurs no legal liability thereabout.

*(Syllabus by the Court.)*

Indictment for Perjury.    On demurrer.

*Lewis L. McArthur*, for the United States.

*Cyrus A. Dolph*, for defendants.

DEADY, J.    The indictment in this case was filed April 5, 1887, and charges the defendant with the crime of perjury, committed on August 19, 1885, in a deposition given before the register and receiver of the United States land-office for the Lakeview land-district, in making the final proof in the matter of his desert-land entry in said district under the act of March 3, 1877, (19 St. 377.)    The defendant demurs to the indictment, for that (1) the same does not state facts sufficient to constitute a crime against the United States; and (2) the court has no jurisdiction of the subject-matter.    On the argument the only point made by counsel for the demurrer is that the indictment does not show that the defendant was sworn.    After stating the pendency of the proceeding before the register and receiver, the indictment alleges that the defendant offered himself as a witness therein on his own behalf, and "did subscribe his name to a deposition in the words and figures following: [here follows the deposition, with a certificate of the receiver thereto that the same was subscribed and sworn to before me this nineteenth day of August, 1885.]"    The indictment then alleges that the defendant did in said proceeding willfully and corruptly "depose and swear" that the answers which he had made to the questions in said deposition contained were, to the best of his knowledge and belief, true; that the "said oath" in said proceeding, "taken as aforesaid" by said defendant, "was then and there duly administered" to him by said register and receiver.

In an indictment for perjury it must be directly stated in some form of apt words that the defendant was sworn. It is not sufficient that it so appears by inference or argument. 1 Whart. Crim. Law, § 1287; 2 Bish. Crim. Proc. § 912; *State* v. *Divoll*, 44 N. H. 142. The indictment in this case only alleges that the defendant did "depose and swear." All that is subsequently said about "said oath," and the taking and administering of the same, refers to the allegation "did depose and swear," and adds nothing to its signification or effect. The case in this respect is nearly on all fours with that of *U. S.* v. *Hearing*, 11 Sawy. 521. In that case the defendant was indicted for perjury in making a homestead affidavit, which was set out in the indictment. This was followed by an allegation that the defendant did, before a person authorized to administer "said oath," depose and state contrary to his *said oath*. In sustaining a demurrer to the indictment, the court said that after setting out the affidavit there should have been an allegation "that the defendant, being then and there duly sworn by the clerk," etc., "did depose and state that said affidavit was true;" and that the allegation that the defendant did depose and state contrary to his said oath is, if anything, an attempt to assign perjury on a "said" or supposed oath, the administration of which is nowhere alleged. But the fact that the defendant was sworn must be distinctly stated. It is not sufficient that it appears by implication.

In this case it is true that the indictment states that the defendant did "depose and swear," as in the deposition already set forth. But this is by no means the equivalent of the sufficient allegation, "being duly sworn, did depose and say." To "depose" is merely to state or affirm some matter of fact in an affidavit or deposition. And this may be done as well before an oath is administered to the deponent as afterwards. In this case it appears that it was administered to the witness after he had deposed. One may "swear" who is not duly "sworn." In one case the oath, so to speak, is self-imposed, and the swearer incurs no legal liability thereby, while in the other the oath is administered by a person having authority so to do, and the affiant takes it subject to the pains and penalties for perjury.

It is hardly necessary to add that the statement in the jurat that the deposition "was subscribed and sworn to before" the receiver is not an allegation to that effect, but merely a recital from the receiver's certificate. And it may be well to suggest that this certificate does not state in words that the defendant subscribed and swore to the deposition, even if it does so by implication.

The demurrer is sustained.