ANNA WAMPACH *vs.* ST. PAUL & SIOUX CITY RAILROAD COMPANY.

May 31, 1875.

**Case Followed.**—The questions involved in this case are the same considered and determined in the case of *Spencer* v. this defendant, (*ante* p. 29,) which is followed.

**Malicious Trespass—Measure of Damages.**—In an action for malicious trespass, though no estimate, in dollars and cents, of the amount of the actual damages sustained is given by any witness, the jury is not limited, in determining such amount, to nominal damages.

The complaint in this action was, in substance; identical with that in the next preceding case. At the trial in the district court for Scott county, before *Crosby*, J., (sitting for the judge of the eighth district,) the plaintiff had a verdict for $170.00, on which judgment was entered, and defendant appealed.

*John L. Macdonald*, for appellant.

*Brown & Peck*, for respondent.

CORNELL, J. The complaint in this action charges defendant with having repeatedly, between May 4, 1873, and the commencement of the action, wilfully and maliciously broken into and upon plaintiff's certain premises therein described, and there operated its railroad, occasioning great noise, etc., by the ringing of bells, blowing off steam, etc., to plaintiff's damage, etc.

The defendant objects that this action cannot be maintained by the plaintiff, because, although she was the owner of the premises whereon the trespass was committed, yet, living thereon with her husband and family at the time, he, by virtue of his marital rights as head of the family, and

not the plaintiff, had the actual possession of the *locus in qu*, and was the only proper party to recover damages for the injuries complained of; and that, therefore, the district court erred in allowing testimony tending to show an annoyance to the plaintiff by the mode of operating the railroad on her premises, and in not dismissing the action.

In the case of *Spencer* v. this same defendant, submitted and argued in connection with this case, and decided at the present term, this court held that a married woman has the same absolute right to the uninterrupted use and comfortable enjoyment of her statutory separate real estate as is possessed by a *feme sole*, and that she can maintain an action in her own name against a wrong-doer for any unlawful infringement of such right, and that the husband neither has, by virtue of any marital right, nor can he, by simply residing with her upon such her property, with her permission, but without the assertion of any claim of right thereto on his part, acquire any right to the possession thereof, to the exclusion of his wife, so as to preclude her from maintaining an action, and recovering such damages as she may sustain, by reason of any unlawful interference with such her legal right. The court, in its rulings and charge, confined the enquiries to the separate injuries and damages of the wife, and no error is discovered.

The defendant excepted generally " to so much of the charge as instructed the jury that it was for them to determine whether defendant's acts were or were not malicious, and that the jury could determine, without evidence, the amount of damage which plaintiff sustained," without specifying the particular portions of the charge claimed to be obnoxious to these objections. As we understand the charge, the court gave to the jury a definition of legal malice and what constituted a malicious trespass, which was unobjected to by defendant, and then, in substance, instructed the jury that it belonged to them to determine, from the evidence, whether the acts charged

against the defendant had been done, and, if so, whether they fell within the definition of a malicious trespass, as given by the court. This was clearly unobjectionable. Upon the question of damages, the fair import of the charge is that it was competent for the jury, in case they should find that the defendant had committed the trespass complained of, to bring in a verdict of nominal damages, and, further, if they should find such trespass to have been wilfully and maliciously done, they had the power to determine, from the acts themselves, and their character and attendant circumstances, the extent of plaintiff's injuries, and the actual damage thereby sustained, even though no estimate of the amount thereof, in dollars and cents, had been given by any witness. In this there was no error.

The objection by appellant that the damages found are excessive and unsupported by the evidence, no motion having been made in the district court for a new trial on that or any other ground, cannot be considered in this court. *Spencer* v. *St. P. & S. C. R. Co.*, *ante* p. 29.

Judgment affirmed.