The West Michigan Savings Bank of Bangor v. Henry G. M. Howard and Enoch S. Harvey.

*Replevin—Possessory rights.*

1. A joint judgment in replevin is proper where the possession of the defendants was joint and they were connected in all the transactions on which it was based.

2. A bill of lading was sent to a bank together with a draft upon the consignees, to whom the bill was not to be delivered until they had paid the draft. The bank however let them remove the merchandise to examine it, and they contested payment. *Held,* that the bank, on paying the draft itself, was fairly entitled to replevy the merchandise; and that the fact that it had at first attached it without the consignor's authority was unimportant.

Error to Van Buren. (Mills, J.) Jan. 11.—Jan. 22.

Replevin. Defendants bring error. Affirmed.

*O. N. Hilton* and *Annable & Fitch* for appellants. If one who has become bound to pay the debt of another does so, the payment will be considered compulsory and will have the effect to subrogate him to the rights and remedies of the creditor; but if one who is under no obligation to pay the debt of another does so, his payment will be deemed voluntary and will extinguish the debt without preserving any remedy for his benefit. Sheldon on Subrogation §§ 1, 3, 240 ; *Shinn v. Budd* 14 N. J. Eq. 234; *Webster's Appeal*

86 Penn. St. 409; *Guy v. Du Uprey* 16 Cal. 195; *Gadsden v. Brown* Speer's Eq. 37, 41; *Roth v. Brig Terry* 18 La. Ann. 705; *Kitchell v. Mudgett* 37 Mich. 82; *Woods v. Gilson* 17 Ill. 218; *Winder v. Diffenderffer* 2 Bland Ch. 199; *Griffin v. Orman* 9 Fla. 22; *Cole v. Malcolm* 66 N. Y. 363; *Hoover v. Epler* 52 Penn. St. 522; *Sandford v. McLean* 3 Paige 117; *Griffin v. Proctor* 14 Bush 571; *Cheesborough v. Millard* 1 Johns. Ch. 409; *Silver Lake Bank v. North* 4 id. 370.

*Benj. F. Heckert* for appellee.

CAMPBELL, J.   Plaintiff replevied certain buggies, and recovered judgment.   The facts were in substance these. Defendants made a purchase from Joseph Duen & Co., the manufacturers at Cincinnati, payable on delivery.   Duen & Co. sent the property to Bangor, consigned by bill of lading to Howard, and sent the bill of lading and a draft for the amount through intermediate agencies to the plaintiff, to be delivered to Howard on payment.   Harvey was the real purchaser under Howard's name, the latter to have a share in the profits and the apparent control.   Defendants obtained leave of plaintiff to examine the property and had it removed to their own premises.   Some negotiation was had as to the allowance of reduction for errors and damages, and they undertook to sell some of the property. Mr. Chase, who is president of plaintiff, sued out an attachment on the accepted draft in the name of Duen & Co., and the property was attached.   This was done without any authority from Duen & Co. and the suit was discontinued and the attachment dissolved, and the property returned to Howard and replevied.

The questions all arise upon rulings upon the charge, and no questions of fact are left open by the requests.   The main controversy is whether plaintiff had any possessory rights.   One or two collateral questions are also presented.

We see no ground for complaining that the judgment is joint.   The defendants were connected in all the transactions and their possession was clearly joint.

The attachment suit is unimportant because it was unauthorized, and in no way changed the rights of Duen & Co.  Plaintiff was no party to that controversy.

After considerable delay in the various transactions plaintiff paid the draft to Duen & Co.  This payment was not made on behalf of defendants, and we do not see any reason why the plaintiff has not the same right now that it would have had if the draft had been cashed on receipt.  It represented the debt on payment of which plaintiff was authorized to deliver the property, and plaintiff was practically a bailee of the property to obtain the payment and hold it till paid.  We think that whether it was paid Duen & Co. or not in advance could not concern defendants, who could not lawfully hold the property sold against either. But in our opinion the transaction was such as to give plaintiff all the rights that Duen & Co. had in the property. Such dealings cannot be subjected to any technical niceties, but must be decided on common-sense grounds.

We think the judgment must be affirmed with costs.

The other Justices concurred.