Woodward v. Davis.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed Feb. 5, 1891.

—————◆—————

No. 14,660.

WOODWARD v. DAVIS.

SPECIAL VERDICT.—*Overpayments.*—*Action for Accounting.*—*Demand.*—The plaintiff, as appears by the special verdict, executed to the defendant a promissory note for one hundred and twenty dollars, and as collateral security gave him an order upon his employer. Payments were made on the note at various times, and the entire sum due upon it was paid before October 18th, 1887. On that day the appellant received upon one of the orders delivered to him as collateral security the sum of $60.90. The verdict recites : "About the time the defendant received * * * said $60.90 on the order the plaintiff demanded an accounting from the defendant, and at the same time demanded that the defendant surrender to him the note, and that the defendant pay to plaintiff the balance of the sum overpaid on the note, both of which demands the defendant refused, and retained, and yet retains, possession of the note and the money so last collected."

*Held*, that plaintiff was entitled to judgment; that it appears that a sufficient demand was made, and that it was made after the collection of the order paid on October 18th, 1887.

From the Elkhart Circuit Court.

*J. M. Vanfleet*, for appellant.

*H. C. Dodge*, for appellee.

ELLIOTT, J.—The facts, as they appear in the special verdict, are, in substance, these : The appellee executed to the appellant a promissory note for one hundred and twenty dollars, and as collateral security gave him an order upon a railway company by whom the appellee was employed. Payments were made on the note at various times, and the entire sum due upon it was paid before October 18th, 1887. The

Woodward v. Davis.

appellant received upon one of the orders delivered to him as collateral security the sum of $60.90 on the day named. "About the time," as the verdict recites, " the defendant received from the railway company said $60.90 on the order, the plaintiff demanded an accounting from the defendant, and at the same time demanded that defendant surrender to him the note, and that the defendant pay to plaintiff the balance of the sum overpaid on the note, both of which demands the defendant refused, and retained, and yet retains, possession of the note and the money so last collected." The appellant owes the appellee the sum of $48.36, for which he had not accounted when the action was brought.

The facts found entitled the appellee to judgment. A special verdict is not to be defeated by a strict interpretation, but a reasonable construction is to be given it, and the construction is to be put upon it as an entirety, and not in fragmentary parts. Taking the entire verdict into consideration, it appears with reasonable certainty that a demand was made after the collection of the money due upon the order paid to the appellant on the 18th day of October, 1887. It is clear, upon a fair reading of the paragraph of the verdict we have copied, that the demand was made after the collection of the order paid on the day named. The term " received," as here employed, denotes a past occurrence, and refers to what took place before the demand was made, for the words associated with it show that the demand was made after the note was overpaid. The word " about " is, as appellant's counsel say, of uncertain meaning, but one word does not control a sentence, for it is a familiar rule that associated words must be given due weight. We think that, as the demand was for money overpaid on the note and for an accounting, it was sufficient to complete the cause of action, inasmuch as it gave the defendant to understand that the plaintiff believed that the note had been overpaid, and that he claimed the remainder due him upon the ground that the money had been previously received. This clearly implies a past occurrence, and

as a demand, although necessary in such a case as this, is somewhat of a technical feature of the right of action, no high degree of strictness was required in stating it.

Judgment affirmed.

Filed Feb. 4, 1891.