(7 Misc. Rep. 67.)

CALDWELL v. CENTRAL PARK, N. & E. R. R. CO.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. STRIKING OUT TESTIMONY—SPECIFICATION OF GROUNDS.
    It is not error to refuse to strike out testimony where the ground of the motion to strike out was not stated.

2. ASSAULT AND BATTERY—NOMINAL DAMAGES.
    There is no rule limiting the recovery for wrongful assault to nominal damages, but the amount thereof is a question for the jury.

3. DAMAGES—MENTAL SUFFERING.
    Damages for mental suffering may be recovered as incidental to physical pain, though the mental suffering is not pleaded.

Appeal from trial term.

Action by Charles H. Caldwell against the Central Park, North & East River Railroad Company to recover damages for the alleged wrongful ejection of plaintiff from defendant's street car at South Ferry. From a judgment entered on a verdict in favor of plaintiff for $750, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Wolff & Hodge, for appellant.
Truax & Crandall, for respondent.

DALY, C. J. Plaintiff says that, just as he was about to board a car of defendant at the South Ferry, the conductor accused him of being drunk, and shoved him off with such violence that he fell, and sustained the injury to his wrist and arm for which he sues. A witness, O'Donnell, who says that he was 10 or 15 feet distant, corroborates the plaintiff as to the assault; and another witness, Gibbons, who was 30 feet away, saw the conductor shove the plaintiff off, saw the latter fall, and was told by the conductor that he put the man off because he was drunk. The conductor testified that the plaintiff entered his car and became disorderly and was ordered off, but refused to go; that he laid his hand on plaintiff's shoulder, but did not pitch him off, and that plaintiff got off and wanted to fight witness, who then started his car and left the scene. The driver heard the plaintiff abuse the conductor, and saw the latter take him by the shoulder and put him off the car, and he testifies that the plaintiff stepped off. No other witnesses saw the occurrence. Upon this state of the proof, we are asked to say that the plaintiff's story is improbable, and that a verdict in his favor for assault is against the weight of evidence. Several other witnesses, the policeman on duty, sundry drivers and conductors, and the starter of defendant, were called, but none of them saw the plaintiff until he left the car, or was ejected from it, and their evidence is relied upon to sustain the claim that the plaintiff was intoxicated and disorderly. The fact that the plaintiff was ejected from the car is beyond dispute, and the question for the jury was whether it was justified by its intoxication, and whether unnecessary force was used. Upon the first point, there was the evidence of all the plaintiff's witnesses that he was sober, and the admitted fact that immediately after his ejection he was put on another car by the starter and sent up to the office of the company to report the conductor if he desired to do so. Upon the question of the use of excessive force, we have the testimony of the plaintiff and his two witnesses against that of the conductor and the driver, and the preponderance seems to us to be with the plaintiff. But all of the evidence was fairly submitted to the jury, and their verdict cannot be disturbed.

Error is claimed in the refusal of the court to strike out of the testimony of the hospital surgeon a statement that the plaintiff was not intoxicated when he came for treatment on the day of the accident. The surgeon testified that he had no memory of the matter except from the record in his book, which he produced in court, but no objection was taken to his testimony, although the book was not offered in evidence; but when, subsequently, on cross-examination, the witness repeated his statement that he had no memory as to whether plaintiff was intoxicated or not excepting what he saw in the book, defendant moved to strike out all of his testimony on that subject. The motion was properly denied, for it did not appear that the book contained nothing on the subject, and defendant had previously permitted the witness to testify to the fact without calling for the book as the best evidence. Had it appeared from an inspection of the book that the record contained nothing

on the subject of the plaintiff's sobriety, the motion would have been proper, or had the motion been made upon the ground that the book was the best evidence, its denial would have been error. No ground, however, was stated for the motion, and the defendant's adversary and the court were left to conjecture upon what it was founded.

It was not error to refuse to charge the jury that, if the plaintiff's injuries were received by his slipping on the icy pavement after he was safely standing on the street, nominal damages only could be awarded, even if the jury believed he was wrongfully assaulted. There is no rule which limits the recovery for a wrongful assault to nominal damages. Besides, there was no evidence that plaintiff slipped on the ice. The defense denied that he fell.

Exception was taken to the charge of the judge that, if the plaintiff was entitled to a verdict, he was entitled to a fair and reasonable compensation for the pain and suffering, both mental and physical, which he had endured. It is urged that the plaintiff alleged no mental pain, and that none had been proven. With human beings mental suffering is inseparable from physical pain and agony, and a condition of long and continued sickness and disability, all of which were proved; and the mental pain and suffering referred to by the trial judge could not have been understood as including anything more than the inevitable concomitants of the physical suffering. The criticism upon the charge is unsubstantial.

The last objection raised is that the verdict of $750 was excessive, but we think it not unreasonable compensation for an unjustifiable assault, which deprived plaintiff for several months of the use of his arm and caused him pain and suffering.

The judgment and order should be affirmed, with costs. All concur.