## WATSON *v.* BUCKLER.

[45 Pac. 705.]

1. CHATTEL MORTGAGES — BREACH OF CONDITION — SUFFICIENCY OF FINDINGS.— A chattel mortgage given by a husband and wife provided that, if the property should be attached by creditors of the mortgagors, the mortgagee might take possession. In an action by the mortgagee to recover possession of the property on the ground of breach of this condition, the court found that an attachment was issued by a creditor of the husband, but that the account was settled, and the attachment dissolved; that, prior to such settlement, the wife claimed the property as her own, and, upon trial of this issue, verdict was rendered in favor of the wife, giving her the property; and that there had been no'breach of the condition relative to attachment. *Held,* that the findings were sufficient to justify a judgment for the mortgagors.

2. AMENDMENT OF PLEADINGS — DISCRETION OF COURT.— On appeal to the circuit court, it is within the discretion of the trial judge to refuse permission to file an amended complaint offered there for the first time.

3. JOINT JUDGMENT — PRACTICE.— In an action against a husband and wife jointly, where the answer, the defense, and the findings are all joint, a judgment in their joint favor is proper.

From Multnomah: HARTWELL HURLEY, Judge.

This action was brought to recover possession of a stock of merchandise mortgaged by defendants to plaintiff. It is claimed that defendants have been

guilty of a breach of the mortgage conditions, and for that reason plaintiff was, at the commencement of the action, entitled to possession of the stock. The action was first tried in the county court, and, on being appealed to the circuit court, a trial was there had without the intervention of a jury. By the terms of the mortgage the defendants were to remain in possession, but it was conditioned that in case they should suffer the property to be attached or levied upon by their creditors, the notes secured thereby were to become at once due and payable, and the mortgagee was thereupon empowered to take possession and sell the property to satisfy the mortgage debt. Such was, in effect, the finding of the court. As touching a breach of this condition the court further finds as follows: "*Sixth.*—That on the thirteenth day of January, eighteen hundred and ninety-four, an action was commenced by J. M. Arthur and Company against William Buckler, defendant, in the Justice Court of North Portland Precinct, Multnomah County, State of Oregon, to recover the sum of forty dollars and fifty-three cents, and an attachment issued in said cause by said court, and placed in the hands of the constable of said precinct for service, and that on the thirteenth day of January, eighteen hundred and ninety-four, said constable proceeded to attach, or attempted to attach, said property by virtue of said attachment, but the defendants on or before the sixteenth day of January, eighteen hundred and ninety-four, settled said cause and the amount claimed in said action, and said attachment was dissolved." "*Seventh.*—

That prior to said settlement the defendant Eleanor H. Buckler claimed said property by a demand in writing, on the grounds that it was her property, and not subject to attachment for the debts of her husband, and thereupon a jury was called and a trial had, upon which the verdict of the jury was rendered in favor of the said Eleanor H. Buckler, giving her said property." " *Tenth.*—There was no breach of any of the conditions of said chattel mortgage on the part of the defendants prior to the commencement of this action to recover the possession of said property." The conclusions of law are in effect that the defendants were entitled to possession of the property, and to judgment for its return, and judgment was rendered accordingly.

AFFIRMED.

For appellant there was a brief by the law corporation of *Emmons and Emmons*, with an oral argument by *Mr. William A. Williams.*

For respondents there was a brief and an oral argument by *Mr. Lawrence A. McNary.*

Opinion by MR. JUSTICE WOLVERTON.

1.   The plaintiff contends that the judgment is not supported by the findings of fact; that it is found in effect that the creditors of the defendants had attached the property prior to the commencement of the action; that thereby the defendants had suffered a breach of one of the mortgage conditions, by reason whereof the plaintiff became and was entitled

to possession; and that the conclusions of law are
erroneous deductions from the facts found, hence
the judgment is without the requisite support. It is
clear that until the mortgagors have suffered a
breach of some stipulated condition of the mortgage,
they are entitled to the possession of the property
covered thereby, as against the mortgagee. Plain-
tiff's cause of action is dependent upon his right of
possession, he must therefore establish the breach,
or fail in his purpose. Conceding, without deciding,
that an attachment by a creditor of William Buck-
ler would be a breach of such condition of the
mortgage we will consider the effect of the findings.
Do they show that the property was attached or
levied upon? A meaningless finding of fact or one
so obscurely stated as to render its import dubious
and uncertain should be disregarded, as it estab-
lishes nothing from which the law may deduce a
result: *Figg* v. *Mayo*, 39 Cal. 264. The findings,
however, have the effect of a special verdict, which
should receive a reasonable construction, and are
not to be avoided unless from doubt of their mean-
ing or from the immateriality of the issue found:
*Hallock* v. *City of Portland*, 8 Or. 39; 28 Am. and
Eng. Ency. of Law, 354; *Woodward* v. *Davis*, 127
Ind. 173 (26 N. E. 687). Two or more findings
may be read together, for the purpose of ascertain-
ing the precise shade of meaning intended: *Kimball*
v. *Lohmas*, 31 Cal. 157; *Dixon* v. *Duke*, 85 Ind. 437.
The language of finding sixth is: "Said constable
proceeded to attach, or attempted to attach," but the
defendants "settled said cause and the amount

claimed in said action, and said attachment was dis-
solved." It must be admitted that, when read
alone, there is some uncertainty as to its exact
meaning. The seventh finding is easily understood.
From this there is, perhaps, an implication that the
defendant Eleanor H. Buckler admitted the attach-
ment by making a demand in writing claiming the
property as hers, and hence not subject to attach-
ment in that cause, but it is possible that the prop-
erty may not have been attached when she made
the demand for it. Finding tenth is more general,
and is to the effect that defendants had not suffered
a breach of any of the conditions of the mortgage
prior to the commencement of the action, and may
be said to include the sixth finding. If taken as
resulting therefrom, it would bear very much the
semblance of a conclusion of law, but the court has
stated it as a conclusion of fact. Viewing it as
such, it is entirely inconsistent with the idea of an
actual attachment. So that, construing the findings
as a whole, we must conclude that the intendment
of finding sixth is not that there was an actual
seizure of the goods, but that while proceeding to
attach, that is to say, while making an attempt to
attach, and before the service of the writ had been
perfected, the cause was settled, and the attachment
proceedings rendered ineffectual. The defendants, by
preventing the attachment of the mortgaged prop-
erty, avoided a breach, and hence the judgment is
supported by the findings in this respect.

2. Error is predicated upon the refusal of the
circuit court to permit the plaintiff to file an

amended complaint, which was offered there for the first time. But if otherwise competent, the matter was within the sound discretion of the court below, and is therefore not reviewable here. There was certainly no abuse of discretion.

3. Another matter complained of is that the judgment, which is for a return of the property, or, in case return thereof cannot be had, then for its value, is in favor of defendants jointly. But it is such as plaintiff ought to have expected if unsuccessful in the action. The instrument upon which the action is based was executed by defendants jointly. They were sued and answered jointly, and the court found that they were at the date of the commencement of the action in possession and lawfully entitled thereto. The judgment was a logical sequence: *Myers* v. *Moulton,* 71 Cal. 498 (12 Pac. 505); *West Michigan Savings Bank* v. *Howard,* 52 Mich. 423. Other questions were argued, but this disposes of all that properly arise upon the record. Let an order be entered affirming the judgment of the court below.          AFFIRMED.

Decided July 27, 1896; rehearing denied.