Decided 21 December, 1903.

## JONES *v.* PETERSON.

[74 Pac. 661.]

ASSAULT AND BATTERY—EVIDENCE OF EXTENT OF INJURY.

1. In a damage action for assault and battery, the length of time that plaintiff was incapacitated from the injuries then inflicted may be proven to show the extent and nature of the damage suffered, though the claim is for only bodily pain and mental distress.

EVIDENCE AS TO EXAMINATION BY PHYSICIAN.

2. In an action for assault and battery, plaintiff's testimony as to his examination and treatment by a physician, whom he had not paid, and the reasonable value of whose charges he did not know, was nevertheless competent to lay a foundation for evidence as to the value of the services, and a motion to strike out the same, when given, was properly denied.

TRIAL—PRESUMPTION ON APPEAL IS AGAINST ERROR.

3. In an action for assault and battery, where plaintiff testified as to his examination by a physician, but no evidence was offered as to the value of such services, it must be presumed on appeal that the jury disregarded it, or the court withdrew the testimony of plaintiff from the jury, or charged the jury to disregard it, though the bill of exceptions is silent on the subject.

ORDER OF PROOF IS DISCRETIONARY—MOTION TO STRIKE.

4. The order of proof being discretionary with the trial judge, B. & C. Comp. § 842, if testimony is received that is incompetent, but the adversary promises to connect it by other evidence later, and fails to do so, the proper practice is to move to strike it out, or ask an instruction to disregard it. In the absence of such a step, the error, if any, will be presumed to have been unprejudicial.

ASSAULT AND BATTERY—EVIDENCE—NONSUIT.

5. In an action for assault and battery, where plaintiff's evidence was that defendant assaulted and beat him, cutting his face and causing him great pain, a nonsuit was properly denied.

From Multnomah: MELVIN C. GEORGE, Judge.

This is an action by Abraham Jones against John H. Peterson, to recover damages. It is stated in the complaint that on January 16, 1903, the defendant maliciously assaulted and beat the plaintiff, inflicting upon him certain injuries, particularly describing them, in consequence of which he was compelled to employ medical aid, and would be obliged to pay for such service $25, which was a reasonable sum therefor, and that by reason of the assault he had suffered great bodily pain, humiliation, and mental distress, to his damage in the sum of $2,525. The answer denied the averments of the complaint, and for a separate

defense alleged that any injury sustained by plaintiff was the result of his assault upon the defendant, who in the encounter acted only in self-defense. The reply put in issue the allegation of new matter in the answer, and the trial which followed resulted in a judgment for plaintiff in the sum of $350, from which the defendant appeals.

Affirmed.

For appellant there was a brief and an oral argument by *Mr. George J. Cameron.*

For respondent there was a brief and an oral argument by *Mr. John Ditchburn.*

Mr. Chief Justice Moore, after stating the facts in the foregoing terms, delivered the opinion.

1. It is contended by defendant's counsel that the cause of action is based upon the bodily pain, humiliation, and mental distress alleged to have been suffered by plaintiff, but at the trial he was permitted, over objection and exception, to testify that in consequence of the injuries which he claims to have received he was for five weeks unable to follow his usual vocation; and that the court erred in admitting such testimony. In *Heneky* v. *Smith*, 10 Or. 349 (45 Am. Rep. 143), the plaintiff, in an action to recover damages resulting from a wound inflicted by the defendant, was permitted to testify that he had not been able to do any work since he was shot, whereupon he was asked, in relation to the members of his family, "Upon whom did the wife and children depend for their support before you got hurt?" and he replied, "They depended on me, and since I was hurt they and me have been supported by my neighbors and the county." It was held that this testimony was admissible as tending to show the extent of his injuries; Mr. Chief Justice Watson, in deciding the case, saying: "If he was not only accustomed, but under the necessity, to labor, to provide the means of support for

himself and family previous to his being shot by the appellant, the facts of his not doing any labor afterwards, and of his depending on and receiving support for himself and family from his neighbors and the county, certainly did corroborate his statement that he was not able to labor after receiving the injury complained of, and afforded some evidence for the consideration of the jury in determining its extent and the amount of damages it produced." In the case at bar the damages recoverable in excess of a nominal sum were to be measured by the injury sustained, and the extent of the wrong could be established only by proof of the physical harm inflicted and its necessarily consequential effect upon the plaintiff. If the beating which he received had rendered him a physical wreck, so that he could never thereafter have performed any labor, evidence of his condition would undoubtedly have been admissible, not to prove what sum of money he could probably have earned during his natural life, for that was not in issue in the case, but to show the extent of his injury as a basis for determining the damage that necessarily flowed therefrom. Every unlawful assault entitles the injured party to recover nominal damages, at least, in an action instituted therefor, because the wrong committed is a violation of that personal security, which the law guaranties: *Tatnall* v. *Courtney*, 6 Houst. 434. A trivial battery would not incapacitate a person from pursuing his ordinary occupation, but, when an aggravated beating necessarily prevents him from doing so, proof of his inability to follow his usual employment should augment the nominal damage to which he is in all cases entitled, not for the time lost, nor for the wages or other compensation which he might have earned or secured in case his health had not been impaired, but as an element tending to show the extent of his injury. We think the testimony so objected to was admissible for the reason here given.

2. The plaintiff was permitted, over objection and exception, further to testify that the next morning after he was assaulted he visited a physician, who made a thorough examination of his injuries and dressed his wounds; that he had not paid the doctor therefor, did not know the amount of his bill, and could not state what was the reasonable value of his services. The defendant's counsel also moved the court to strike out this testimony, on the ground that it did not support the allegations of the complaint, but the motion was denied, and it is maintained that an error was thereby committed. The testimony so objected to was undoubtedly competent to prove the performance of the service by the physician, and to lay a foundation for the introduction of testimony as to the reasonableness of his charge, and, when the motion was interposed, no error was committed in denying it, on the supposition that corroborative testimony would subsequently be introduced.

3. No testimony of that kind having been offered, it is argued by defendant's counsel that the jury were permitted to speculate upon what might be considered a reasonable sum to allow plaintiff for the service of the physician, in the absence of any testimony in relation thereto. It must be assumed that the jury performed the duty devolving upon them, and refused to consider the claim for medical attendance when there was no evidence before them of its value; and it must also be supposed that upon plaintiff's failure to introduce the corroborating testimony the court withdrew from the jury the testimony so objected to or charged them to disregard it, though the bill of exceptions is silent in respect thereto.

4. Besides, the testimony moved against was relevant when offered, and therefore admissible on the ground that the order of proof was within the discretion of the court: B. & C. Comp. § 842. If this testimony, however, was not

subsequently connected with the issue, so as to render it competent, defendant's counsel should have renewed his motion to strike it out, or requested the court to charge the jury to disregard it (Jones, Ev. § 898; *Atwell* v. *Miller*, 6 Md. 10, 61 Am. Dec. 294; *Blackburn* v. *Beall*, 21 Md. 208); but, the bill of exceptions being silent in this particular, and the action civil, no prejudicial error appears to have been committed.

5. It is insisted by defendant's counsel that the court erred in denying a motion for a judgment of nonsuit. The bill of exceptions, though not purporting to set out all the testimony given at the trial, states that the plaintiff, as a witness in his own behalf, testified that the defendant assaulted and beat him, cutting his face and causing him great pain. This was a sufficient showing to authorize the court to submit the cause to the jury, and as the plaintiff was entitled to compensatory damages for the pain suffered, though not estimated in dollars (*Reddin* v. *Gates*, 52 Iowa, 210, 2 N. W. 1079), no error was committed in overruling the motion. It follows, therefore, that the judgment should be affirmed, and it is so ordered.        AFFIRMED.