Argued January 19, affirmed February 15, 1927.

# N. E. HIVELY *v.* A. K. HIGGS.

(253 Pac. 363.)

**Pleading—In Action for Unauthorized Surgical Operation, Amendment to Complaint, Alleging Pain Suffered, Held Permissible, Under Statute, at Close of Evidence (Or. L., § 102).**

1. Amending complaint at close of evidence, in a damage action for an unauthorized surgical operation, by adding an allegation of pain suffered, *held* permissible, under Section 102, Or. L., the cause of action not being changed by the addition.

**Appeal and Error—Where Evidence on Surgeon's Authority to Operate Conflicted, Question Became One of Fact, and Jury's Decision was not Reviewable.**

2. Where the evidence as to whether or not plaintiff authorized defendant to remove her tonsils was conflicting, the question became one of fact, and the jury's decision was conclusive.

**Physicians and Surgeons—More Than Nominal Damages may be Recovered for Unauthorized Operation Removing Tonsils.**

3. There is no rule which could limit recovery from surgeon to nominal damages, in a case where plaintiff was caused pain by an unauthorized operation removing her tonsils.

**Assault and Battery—Unauthorized Surgical Operation Constitutes "Assault and Battery."**

4. A surgical operation performed without patient's authority is a technical "assault and battery."

**Physicians and Surgeons—Unauthorized Removal of Tonsils Held Ground for Damage, Notwithstanding Scientific Ignorance of Precise Function.**

5. The law presumes that every organ, including glands, has some function to perform in maintaining the body in sound health, and hence the removal of plaintiff's tonsils without authority is assumed to have caused damage, notwithstanding medical ignorance of their precise function.

**Physicians and Surgeons—Damages for Unauthorized Surgical Operation Held Determinable from Wrongful Act, Though Actual Money Damage not Proved.**

6. In an action to recover damages from surgeon for the unauthorized removal of plaintiff's tonsils, damages were *held* determinable from nature of act itself and attendant circumstances, notwithstanding no witness was able to estimate actual damages in dollars and cents.

---

3. See 21 R. C. L. 408.
4. Character and extent of operation authorized by patient, see note in 26 A. L. R. 1036. See, also, 21 R. C. L. 392.
5. See 8 R. C. L. 470.

Physicians and Surgeons—One Thousand Dollars Held not Excessive
   Damages for Unauthorized Removal of Tonsils.
7. As a matter of law, $1,000 damages *held* not excessive for
removing plaintiff's tonsils without her authority.

Appeal and Error, 4 C. J., p. 799, n. 34, p. 800, n. 40, p. 858,
n. 3, p. 872, n. 15.
   Assault and Battery, 5 C. J., p. 702, n. 10, 11, 12, 16, p. 705, n. 37.
   Evidence, 22 C. J., p. 87, n. 89.
   Physicians and Surgeons, 30 Cyc., p. 1577, n. 76, p. 1588, n. 87
New, p. 1590, n. 99.
   Pleading, 31 Cyc., p. 416, n. 40, 42.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 1.

This is an action for damages awarded to the plaintiff against the defendant for removing her tonsils without authority. She recovered a verdict for the sum of $1,000, and he appeals from the resulting judgment. The body of the complaint is as follows:

"I. That defendant is a duly qualified, acting, and licensed physician and surgeon of the City of Portland, Oregon, and makes a specialty of eye, ear, nose and throat diseases.

"II. That during the month of November, 1921, plaintiff was examined by defendant in his professional capacity, as a physician and surgeon, and said defendant advised plaintiff that it was necessary for her to have an operation performed upon the septum of her nose and plaintiff then and there employed defendant in his capacity as a physician and surgeon to perform said operation.

"III. That thereafter, and on the 19th day of Nov., 1921, plaintiff, at the special instance and request of defendant, went to the hospital to have said operation performed, and while under an anesthetic, defendant, instead of operating upon the septum of plaintiff's nose, removed plaintiff's tonsils. *Causing plaintiff to suffer great physical pain and will for all time to come so cause plaintiff to suffer great physical pain.*

"IV. That by reason of said wrongful operation, plaintiff has been damaged in the sum of $10,000."

The answer admits that the defendant is a duly qualified physician and surgeon and that he examined the defendant in a professional capacity and advised her; admits that plaintiff's tonsils were removed and denies all the other allegations of the complaint. The errors assigned are seven in number. The first two are based on the refusal of the trial court to grant defendant a nonsuit and directed verdict respectively. The third error is based on the court's order permitting plaintiff to amend her complaint at the close of the introduction of the evidence. The other four errors are based on the court's refusal to give requested instructions. No exceptions were taken to the instructions given. That part of the complaint italicized is an amendment made by interlineations by permission of the court at the close of the introduction of the evidence.          AFFIRMED.

For appellant there was a brief over the names of *Mr. F. S. Senn* and *Mr. Omar C. Spencer*, with an oral argument by *Mr. Senn*.

For respondent there was a brief over the name of *Messrs. Davis & Farrell*, with an oral argument by *Mr. Paul R. Harris*.

COSHOW, J.—1. Defendant contends here that the court's order permitting the amendment is an abuse of discretion. The amendment adds no new or different cause of action to plaintiff's complaint. The entire effect of the amendment was to allege what was clearly inferred from the allegation of the operation; namely, that plaintiff suffered great physical pain. Defendant says in his brief:

"But the amendment did not help the complaint, because, as already stated, plaintiff went to the hospital to undergo an operation which obviously would result in pain."

This is a complete answer to the contention of defendant that the cause of action was changed by the amendment. The court did not abuse his discretion in allowing the amendment: Or. L., § 102.

2. The evidence as to whether or not the plaintiff authorized the defendant to remove her tonsils was conflicting. That controversy then became a question of fact and having been determined by the jury in favor of the plaintiff cannot be retried by this court: Taylor, Law Relations to Physicians, 321; 21 R. C. L. 392, § 37; Kinkead on Torts, § 375; *Mohr* v. *Williams,* 95 Minn. 261, 270 (104 N. W. 12, 111 Am. St. Rep. 462, 5 Ann. Cas. 303, 1 L. R. A. (N. S.) 439); *Rolater* v. Strain, 39 Okl. 572 (137 Pac. 96, 50 L. R. A. (N. S.) 880); *Pratt* v. *Davis,* 224 Ill. 300 (79 N. E. 562, 8 Ann. Cas. 197, 7 L. R. A. (N. S.) 609); *King* v. *Carney,* 85 Okl. 62 (204 Pac. 270, 26 A. L. R. 1032); *Bennan* v. *Parsonnet,* 83 N. J. L. 20 (83 Atl. 948).

The instant case does not present a condition discovered during an authorized operation which requires another operation, nor an emergency demanding immediate attention in order to save the life of the patient, in the opinion of the surgeon: *King* v. *Carney,* above; *Bennan* v. *Parsonnet,* 83 N. J. L. 20 (83 Atl. 948). Nor is it a case where simply general directions were given by the patient authorizing the surgeon to do whatever was necessary in his judgment for the benefit of the patient: *Mohr* v. *Williams,* above; *Sullivan* v. *McGraw,* 118 Mich. 39 (76 N. W. 149).

No charge was made in the complaint nor was there any attempt to prove by evidence that the defendant was unskillful in the operation he performed. The basis for relief is solely that the operation performed was unauthorized. The question of negligence in performing the operation is not involved in the case.

3–5. Of the requested instructions three were given in substance by the court. The other requested instruction was in the following language:

"Even though you do find that Dr. Higgs breached the contract between himself and the plaintiff, the most that this plaintiff can recover is nominal damages, which I instruct you, in this case is the sum of One Dollar. So that if you should find for the plaintiff, you cannot award in excess of One Dollar."

Defendant was not entitled to this instruction. It is very doubtful that plaintiff should ever be limited to nominal damages where she has been subjected to an operation without her consent. Such an operation constitutes technical assault and battery. Because the doctors have been unable to learn the precise functions of the tonsils is not sufficient reason for concluding that they have no functions. The law presumes that every organ, including glands, has some function to perform in maintaining the body in sound health. That presumption is not overcome because medical science has not yet ascertained the precise function performed by any specific organ or gland. In addition to that there was evidence that the plaintiff in the instant case suffered severe pains for some considerable time and that her throat troubled her to the date of the trial. The operation was performed on the nineteenth day of November, 1921. The trial was conducted on the thirtieth day of November, 1923.

It is conceded in the brief for defendant that pain would naturally result from the operation. Evidence was introduced without objection in behalf of plaintiff that she suffered pain. Later the defendant objected to such evidence because there was no allegation to that effect in the complaint. The evidence of pain having been introduced without objection, especially in view of the fact it is a natural result of an operation, was competent and supported the amendment permitted over the objection of the defendant by the court. Pain is an element of damages in such cases: 8 R. C. L. 465 et seq., §§ 32–34. In page 470 we find this observation:

"The law assumes that every physical function and capacity is of importance in the life of every man and woman, and that occasion will arise for the exercise thereof."

5 C. J. 701, 702, 705, §§ 158, 159, 162; *Jones* v. *Peterson,* 44 Or. 161 (74 Pac. 661).

6. An assault is always actionable: 1 Jaggard on Torts, 83. Damages "may be strictly coincident with the actual extent of the harm suffered, and if the same state of facts convince the jury that the plaintiff suffered more, he can recover substantial damages." 1 Jaggard on Torts, 367. "There is no rule which limits the recovery for a wrongful assault to nominal damages." *Caldwell* v. *Central Park N. & E. R. R. Co.,* 7 Misc. Rep. 67, 70 (27 N. Y. Supp. 397, 399); *Wampach* v. *St. Paul & S. City R. R. Co.,* 22 Minn. 34, 36, where it is stated:

"Upon the question of damages, the fair import of the charge is that it was competent for the jury, in case they should find that the defendant had committed the trespass complained of, to bring in a verdict of nominal damages, and, further, if they should

find such trespass to have been wilfully and maliciously done, they had the power to determine, from the acts themselves, and their character and attendant circumstances, the extent of plaintiff's injuries, and the actual damage thereby sustained, even though no estimate of the amount thereof, in dollars and cents, had been given by any witness. In this there was no error."

7. By analogy we believe that it was competent for the jury to assess such damages in the instant case as in their sound judgment the plaintiff had suffered, notwithstanding no witness was able to estimate in dollars and cents plaintiff's actual damages. The removal of plaintiff's tonsils by the defendant without her authority or consent was a trespass on her person for which she was entitled to compensation. We cannot say as a matter of law that the amount allowed by the jury is excessive. The judgment is affirmed.

AFFIRMED.

BURNETT, C. J., and BELT and RAND, JJ., concur.