Argued April 9, affirmed May 23, petition for rehearing
denied June 19, 1962

# THOMAS *v.* FOGLIO

371 P. 2d 693

*Glenn R. Jack* and *James O. Goodwin,* Oregon City, argued the cause for appellant. On the briefs were Jack, Goodwin & Anicker and Glenn R. Jack.

*Gordon G. Carlson,* Roseburg, argued the cause for respondent. On the brief were Clifford S. Beckett, Oregon City, and Yates, Murphy & Carlson, Roseburg.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN and O'CONNELL, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries suffered by plaintiff while loading logs on defendant's log truck. The action was brought and tried upon the theory that defendant had violated the Employer's Liability Law, ORS 654.305. The jury returned a verdict for plaintiff whereupon defendant moved for a judgment n.o.v., or in the alternative, for a new trial. The motion was denied and defendant appeals.

This is the second appeal arising out of the same cause. In the first appeal, *Thomas v. Foglio,* 225 Or 540, 358 P2d 1066 (1961), we remanded the cause for

a new trial to permit the jury to determine whether Foglio was a lessor of the truck upon which the injury occurred or a contract hauler and thus an employer under the Employer's Liability Law.

The evidence adduced in the second trial of the cause included most of the evidence presented in the first trial and, in addition, there was further evidence relating to defendant's relationship as employer or lessor together with more specific evidence showing the participation of defendant's driver, Beckgren, in the loading operation. With these additions the facts set out in our opinion in the first appeal may be regarded as the statement of facts in the present case.

■ Defendant's first assignment of error relates to a question of procedure which we shall now explain. After all the evidence had been presented and plaintiff's opening argument had been completed defendant interposed an oral demurrer based upon the ground that the complaint omitted "any reference to the type of his [defendant's] alleged employees or the work in which they were engaged" and that, therefore, the complaint failed to state facts sufficient to constitute a cause of action under the Employer's Liability Law. Before the cause was submitted to the jury plaintiff moved to amend his complaint to cure the alleged deficiency. The motion was granted and defendant's demurrer was overruled. Defendant assigns as error the court's action in permitting the amendment and in overruling defendant's demurrer.

ORS 16.390 provides:

"The court may, * * * at any time before the cause is submitted, allow such pleading or proceeding to be amended, * * * when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved."

The facts proved at the trial warranted the request to conform the pleadings to the facts proved. The amendment did not substantially change the cause of action. It is apparent from the complaint that plaintiff was basing his claim upon the Employer's Liability Law. Therefore, the conditions specified in ORS 16.390 were satisfied and the trial court was warranted in allowing the amendment to plaintiff's complaint and overruling defendant's demurrer.[1]

Defendant next assigns as error the denial of his motion for a directed verdict made on the principal ground that defendant was immune from liability under ORS 656.154 (1)[2] for the reasons set forth in the margin.[3]

---

[1] Elliott v. Mosgrove, 162 Or 507, 91 P2d 852, 93 P2d 1070 (1939); Bramwell v. Rowland, 123 Or 33, 261 P 57 (1927); Hively v. Higgs, 120 Or 588, 253 P 363, 53 ALR 1052 (1927).

[2] "656.154 (1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590."

[3] The following grounds were stated in making the motion:
"(1) There is no evidence of the fact that the defendant was an employer under the rules laid down by the Supreme Court when they considered this case; (2) the evidence is conclusive that the defendant, Foglio, was under State Compensation as an employee, and that as an employer he had elected to take State Compensation, but was not at the time employing any workmen, and therefore the State Compensation was in abeyance during the lack of workmen; (3) and on another ground—for instance, there is no evidence of any negligence on the part of the defendant that was, in the light of the relationship, and the only definite testimony is that the defendant, instead of being an employer, was an employee, and had no control over the operation in any way whatsoever as contemplated by the opinion of the Supreme Court in the Foglio case."

It was necessary to raise this defense by supplemental pleadings, the question of immunity then being determined as a matter of law. ORS 656.324. In the first trial of the cause defendant filed a supplemental answer alleging that defendant and plaintiff were fellow employees of Elk Creek Logging Company, that defendant was not an employer of anyone engaged in the operation in question, and that defendant had no control and was in no way connected with that operation. The trial court found that defendant failed to prove immunity from the action. The trial court's finding was not thereafter challenged, either prior to or upon appeal in the first cause.

In the second trial, after the jury had been sworn, defendant moved for "the opportunity to produce further evidence on our supplemental answer." The court denied the motion on the ground that the question had been decided in the first trial and no appeal had been taken from the court's action in that respect, and on the further ground that the motion was not timely made.

We need not pass upon the first of these grounds because it was within the trial court's discretion to deny the motion on the ground that it was not timely made. The manner of conducting the trial of a cause must be left to the discretion of the trial judge, assuming of course that this discretion is not arbitrarily exercised. The defendant's effort to raise for the second time the immunity defense afforded under ORS 656.154 (1) was not made until after the jury was sworn. We believe that it was reasonable for the trial court to consider the motion as having been made too late. The situation is not unlike that where a party moves to amend his pleading, in which case it is well established that the action of the trial court in denying

a motion to amend will not be disturbed on appeal unless the court's action is arbitrary.[④]

■ Finally, defendant urges reversal on the ground that the trial court erroneously refused to grant defendant's motion for a new trial predicated upon improper comments made by plaintiff's counsel in his argument to the jury. This, again, is a matter which must be left to the reasonable discretion of the trial court. We are of the opinion that the trial judge did not abuse his discretion in denying the motion.

The judgment is affirmed.

[④] Schamoni v. Selmer, 147 Or 353, 31 P2d 776 (1934); Klingback v. Mendiola, 138 Or 234, 6 P2d 237 (1931); Vermont Loan & Trust Co. v. Bramel, 111 Or 50, 224 P 1085 (1924); Johnson v. Portland Ry. L. & P. Co., 79 Or 403, 155 P 375 (1916); Horn v. Davis, 70 Or 498, 142 P 544 (1914); Osmun v. Winters, 30 Or 177, 46 P 780 (1896); Watson v. Buckler, 29 Or 235, 45 P 765 (1896).

There are cases in which it has been held that the manner of conducting the trial of the cause is within the discretion of the trial judge. Thus it is recognized that it is within the discretion of the trial judge to refuse to receive evidence presented late in the course of the trial. Multnomah County v. Willamette Towing Co., 49 Or 204, 89 P 389 (1907); Thomas v. La Cotts, 222 Ark 171, 257 SW2d 936 (1953); Roberts v. Georgia Southern Supply Co., 92 Ga App 303, 88 SE2d 554 (1955); Carmichael Tile Co. v. McClelland, 213 Ga 656, 100 SE2d 902 (1957); Peters v. Dodd, 328 SW2d 603 (Mo. 1959).