(March 19, 1919.)

## STATE, Respondent, v. CHARLES CRAWFORD, Appellant.

[179 Pac. 511.]

CRIMINAL LAW—PLEADING—DEMURRER TO INDICTMENT—ONCE IN JEOPARDY—DEMURRER TO PLEA.

1. This court cannot review the action of a trial judge overruling a demurrer to an indictment or information unless an exception to the order appears in the record.

2. A demurrer to a plea in a criminal case is unknown to the law of Idaho, and an order sustaining such a demurrer is a nullity and does not dispose of the plea.

3. A plea of once in jeopardy presents an issue of fact to be tried by a jury, unless trial by jury be waived as by law provided, and a judgment of conviction entered while such plea is pending will be reversed.

[As to failure to interpose objection of former jeopardy on second trial as waiver of plea, see note in Ann. Cas. 1917C, 765.]

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed L. Bryan, Judge.

Defendant was convicted of battery. *Reversed.*

Eustace & Groome, for Appellant.

The plea of former jeopardy, as the plea of not guilty, raises a question of fact which should be tried by the jury. (*State v. Gutke,* 25 Ida. 737, 139 Pac. 346; *People v. Tucker,* 115 Cal. 337, 47 Pac. 111; *Bonham v. State,* 6 Okl. Cr. 227, 118 Pac. 159.)

Roy L. Black, Attorney General, and Dean Driscoll, Assistant, for Respondent.

The plea of "former jeopardy" may raise an issue of fact and it may raise an issue of law. It is the duty of the court to pass upon an issue of law arising out of the plea of "former jeopardy." This plea is not a plea to the merits of the offense charged. (8 R. C. L. 118.)

Such a proceeding as a demurrer to a plea and a ruling thereon is not contemplated or provided in the statutes, and is therefore not among the matters enumerated in the statutes' to which an exception may be taken (secs. 7940, 7942, 7943, Rev. Codes), nor among the matters deemed excepted to (secs. 7946, 7947, Rev. Codes). Rulings for which no method of exception is provided cannot be reviewed on appeal. (*Territory v. Evans,* 2 Ida. 651, 23 Pac. 232, 7 L. R. A. 646.)

On appeal from a judgment alone (which is all that is open here), no objection or exception can be considered which does not appear from the judgment-roll or record, as defined by sec. 7996, Rev. Codes. (*State v. Suttles,* 13 Ida. 88, 88 Pac. 238.) A demurrer to a plea and the order thereon being unknown to the law, are not a part of the record. The nearest analogy is the provision for the record on appeal where it is desired to review defendant's demurrer to an indictment, as is shown in *State v. Maguire,* 31 Ida. 24, 169 Pac. 175. An

exception must be taken, the exception incorporated in the bill, and the bill incorporated in the record. No less would be required on a demurrer to a plea.

MORGAN, C. J.—On November 25, 1916, an information was filed against appellant wherein it was charged that "the said Charles Crawford, on or about the 8th day of July, A. D. 1916, . . . . at the County of Canyon, in the State of Idaho, did then and there, wilfully, unlawfully, knowingly and feloniously commit an assault with intent to produce great bodily injury upon the person of H. H. Cross, then and there being, by then and there striking and beating the face' and body of the said H. H. Cross with his clenched fist and by thus striking and beating the said H. H. Cross then and there wounding, maiming and rendering unconscious the said H. H. Cross, of which wounds the said H. H. Cross was permanently injured and suffered a long period of illness." Appellant interposed a plea of not guilty and on December 11, 1916, a trial was commenced, a witness testified on behalf of the state, appellant moved the court for an order of dismissal, which was sustained, and the prosecuting attorney was directed to file another information against him.

Thereafter an information was filed wherein it was alleged "that Charles Crawford is accused by this information of the crime of assault upon the person of another by means and force likely to produce great bodily injury, committed as follows: The said Charles Crawford on or about the 8th day of July, A. D. 1916, and prior to the filing of this information at the County of Canyon, in the State of Idaho, did then and there wilfully, unlawfully and feloniously, and intentionally commit an assault with his clenched fists and with great force and violence likely to produce great bodily injury upon the person of another, to wit: the person of one H. H. Cross, then and there being; He the said Charles Crawford did then and there with his clenched fist strike, beat, wound, and bruise the person of said H. H. Cross until the said H. H. Cross became unconscious and then he the said Charles Crawford continued to beat, strike, wound and bruise him the said H. H.

Cross until the said H. H. Cross became thereby and by reason of said acts permanently injured and suffered a long period of illness therefrom."

A demurrer to the second information was submitted and overruled, and appellant interposed a plea of once in jeopardy with respect to which the following minute entry was made: "Thereupon the defendant pleads that he has been in jeopardy for the offense charged, that is to say on the 11th day of December, 1916, at Caldwell, Canyon County, Idaho, in the District Court of the State of Idaho, in and for the County of Canyon." The record discloses that the state demurred to the plea of once in jeopardy upon the ground "that the files and records of this case show that the information upon which the defendant was arraigned and plead before the jury, did not state a public offense of which this court had jurisdiction, on the 11th day of December, 1916, as alleged in the plea of the defendant." The court sustained the demurrer to the plea. Appellant entered a plea of not guilty and a trial was had which resulted in a verdict of guilty of battery. A motion for a new trial was made and denied and a judgment of conviction was pronounced and entered. This appeal is from the judgment and from the order denying a new trial.

Among the rulings of the court assigned as error is the order overruling appellant's demurrer to the information. This action of the trial judge cannot be reviewed, because appellant failed to take an exception to it. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175.)

Appellant insists that he has been convicted of a crime not included within the offense charged in the information. It is apparent that the trial of this case was conducted upon the theory that he was accused of a violation of C. L., sec. 6732, which is as follows: "Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable by imprisonment in the state prison not exceeding two years, or by fine not exceeding $5,000, or by both."

It may be doubted that a violation of sec. 6732 is charged in the information. C. L., sec. 6727, defines an assault as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." It will be observed that the charging part of the information in this case does not mention the elements of an assault found in our statutory definition, nor does it charge the use of a deadly weapon or instrument, nor describe any means or force which was likely to produce great bodily injury. However, it does charge battery, which is defined in C. L., sec. 6729, to be "any wilful and unlawful use of force or violence upon the person of another," and battery is the crime of which appellant was convicted.

Probably the most serious question presented by this record arises out of the action of the trial court in sustaining the demurrer to the plea of once in jeopardy. It is true no exception was taken to this ruling, but the question is before us nevertheless. C. L., sec. 8051, provides, among other things, that "the record for appeal from a final judgment of conviction shall consist of copies of the following papers: the notice of appeal; the record, as the same is or shall be provided by sec. 7996; . . . . " Sec. 7996 provides: "When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction was had and must without unnecessary delay annex together and file the following papers, which constitute a record of the action: . . . . 2. The indictment and a copy of the minutes of the plea or demurrer." A copy of the minutes of the plea in this case is as heretofore set out herein, showing a demurrer thereto, together with the action of the trial judge sustaining it, and it constitutes a part of the record on appeal.

While precedents may be found for entertaining and sustaining a demurrer to a plea of once in jeopardy (8 R. C. L. 119, sec. 90; 16 C. J. 432, sec. 767), there is no authority in Idaho for such procedure and it is not permissible in this state, as will appear from an examination of the following sections of our Compiled Laws and constitution.

C. L., sec. 7675: "All forms of pleading in criminal actions and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by this code."

C. L., sec. 7755: "There are four kinds of pleas to an indictment. A plea of: 1. Guilty. 2. Not guilty. 3. A former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty. 4. Once in jeopardy."

C. L., sec. 7780: "An issue of fact arises: 1. Upon a plea of not guilty. 2. Upon a plea of a former conviction or acquittal of the same offense. 3. Upon a plea of once in jeopardy."

C. L., sec. 7781: "Issues of fact must be tried by jury, unless a trial by jury be waived, in criminal cases not amounting to felony, by the consent of both parties expressed in open court and entered in the minutes. . . . . "

Constitution, art. 1, sec. 7: "The right of trial by jury shall remain inviolate; . . . . A trial by jury may be waived in all criminal cases not amounting to felony, by the consent of both parties, expressed in open court, . . . . "

Constitution, art. 1, sec. 13: " . . . . No person shall . . . . be deprived of life, liberty or property without due process of law."

The action of the trial judge purporting to sustain the demurrer to the plea is without legal sanction or authority and is a nullity. Therefore, the record upon appeal discloses the conviction of appellant without his plea of once in jeopardy having been disposed of as by law provided. This is a conviction without due process of law (12 C. J. 1188; 6 R. C. L. 467, sec. 464), and cannot be sustained. (*State v. Gutke,* 25 Ida. 737, 139 Pac. 346; *People v. Kinsey,* 51 Cal. 278; *People v. Helbing,* 59 Cal. 567; *People v. Fuqua,* 61 Cal. 377; *People v. Tucker,* 115 Cal. 337, 47 Pac. 111.)

The judgment and order appealed from are reversed.

Rice, J., concurs.

BUDGE, J., Concurring in Part and Dissenting in Part.—
I concur in that portion of the majority opinion which deals
with the plea of former jeopardy, and which holds that such
a plea raises an issue of fact which must be tried by the jury,
that the plea has not been disposed of, that the conviction,
therefore, cannot be sustained, and that the judgment entered
is void.     (*Kinkle v. People,* 27 Colo. 459, 62 Pac. 197; *Solli-
day v. Commonwealth,* 28 Pa. St. 13; *Commonwealth v. Mer-
rill,* 8 Allen (Mass.), 545; *People v. Kerm,* 8 Utah, 268, 30
Pac. 988; *State v. O'Brien,* 19 Mont. 6, 47 Pac. 103; *Grant v.
People,* 4 Park. Cr. Rep. (N. Y.) 527; *State v. Thompson,* 10
Mont. 549, at 561, 562, 27 Pac. 349.)

I dissent from that portion of the majority opinion which
expresses a doubt as to whether a violation of C. L., sec. 6732,
is charged in the information, and particularly from that
portion of the opinion which holds that the charging part of
the information does not mention the elements of an assault
as found in our statutory definition, and that it does not de-
scribe any means or force which was likely to produce great
bodily injury.

The information does charge that appellant "did then and
there wilfully, unlawfully and feloniously and intentionally
commit an assault with his clenched fist and with great force
and violence, likely to produce great bodily injury upon the
person of another, to wit, the person of H. H. Cross, then and
there being;".

The foregoing allegations in the information, while subject
to improvement, state the offense defined in sec. 6732.    (*Peo-
ple v. Perales,* 144 Cal. 581, 75 Pac. 170; *People v. Watson,*
125 Cal. 342, 57 Pac. 1071; *People v. Emmons,* 61 Cal. 487;
*Keley v. State,* 12 Tex. App. 245; *Buchanan v. State* (Tex.
App.), 13 S. W. 1000; *Yeary v. State* (Tex. Cr. App.), 66
S. W. 1106.)

While the proof in a given case may or may not be suffi-
cient, according to the circumstances thereof, to sustain a con-
viction of an assault with means or force likely to produce
great bodily injury, where it is alleged that this means or

force was the clenched fists of a defendant, the authorities hold that an information or indictment charging such an offense is sufficient as against a demurrer.

The remainder of the information, commencing with the words. "he the said" and ending with the words "illness therefrom," charges a battery. In other words, the information charges two separate and distinct offenses. While, as stated in the majority opinion, this question is not subject to review, for the reason that no exception was taken to the action of the court in overruling the demurrer, still, in view of the fact that this case should go back, in my opinion, for further proceedings, this observation is made. Battery is not an included offense. The cases hold that every battery includes an assault, but assault does not include a battery, and this is true regardless of the degree of the offense. (*People v. Helbing,* 61 Cal. 620; *People v. McDaniels,* 137 Cal. 192, 92 Am. St. 81, 69 Pac. 1006, 59 L. R. A. 578.)

I concur in the conclusion that the judgment should be reversed, but I am of the opinion that the cause should be remanded for further proceedings in accordance with the views herein expressed.