(May 3, 1920.)

STATE, Respondent, v. PETEI BIDEGAIN, Appellant.

[189 Pac. 242.]

CRIMINAL LAW—SUFFICIENCY OF COMPLAINT.

> A criminal complaint, in order to be sufficient, must set forth all the elements necessary to constitute the crime sought to be charged.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. James R. Bothwell, Judge.

Appellant was convicted of having violated C. S., sec. 8333. *Reversed.*

W. J. Lamme and Hansbrough & Gagon, for Appellant.

The complaint in this case is insufficient, in that it is not alleged that the defendant committed the act complained of wrongfully, unlawfully, knowingly and intentionally. Such allegations are necessary in such a complaint, for if there is no knowledge or intent to commit a crime, there is no crime. (*State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 280.)

T. A. Walters, Former Attorney General, Roy L. Black, Attorney General, James L. Boone, Assistant, and William Healy, for Respondent, cite no authorities on point decided.

MORGAN, C. J.—Appellant was convicted of having herded, grazed and pastured sheep on a cattle range in violation of C. S., sec. 8333. He questions the sufficiency of the complaint to charge the commission of a crime, and points out that it is not alleged therein that the acts complained of were committed wrongfully, unlawfully, intentionally or knowingly.

Respondent's brief dismisses this contention with the following observation: "The complaint is in the language of the statute, which seems to render it sufficient."

It is said in 22 Cyc. 339: "Although the rule is frequently stated to be that it is sufficient to charge a statutory offense in the language of the statute creating it, such rule is accurate only in those cases in which the statute defines and describes the offense, and is better stated with such qualification. The words of the statute must fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished, and must state all the material facts and circumstances embraced in the definition of the offense. Ingredients which do not enter into the statutory definition must be added." (*State v. Scheminisky,* 31 Ida. 504, 174 Pac. 611; *State v. Cole,* 31 Ida. 603, 174 Pac. 131.)

Discussing some of the ingredients of the crime here sought to be charged, this court, in *State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 280, said: "This statute must necessarily be construed with, and as a part of, sec. 6314, Rev. Codes (C. S., sec. 8087), which latter section provides: 'In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence.' In other words, there must be an intent to violate said sec. 6872, *supra* (C. S., sec. 8333), as well as the act of driving or herding sheep upon a cattle range; or the failure upon the part of the defendant by the exercise of ordinary diligence to ascertain whether or not the range upon which he drives, herds and grazes his sheep is a cattle range within the meaning of said section."

Tested by the rules of law above quoted, this complaint is insufficient. The judgment appealed from is reversed.

Rice and Budge, JJ., concur.