(December 31, 1921.)

STATE, Respondent, v. PHUMN SINGH, Appellant.

[203 Pac. 1064.]

CRIMINAL LAW—INFORMATION—CERTAINTY—INCLUDED OFFENSE.

1. An information charging an assault with attempt to commit murder does not necessarily include an assault with a deadly weapon or instrument, or an assault by means and force likely to produce great bodily injury.

2. An information charging an assault with intent to commit murder by then and there striking, hitting and beating a person

Publisher's Note.
2. What constitutes a deadly weapon, see notes in **Ann. Cas.** 1912A, 1328; **Ann. Cas.** 1916E, 308; 8 A. L. R. 1319.

with a heavy stick or club does not charge an assault with means and force likely to produce great bodily injury.

3. An information to be sufficient must state the facts clearly and distinctly. It is not sufficient that the facts appear by inference or argument.

4. A defendant in a criminal action cannot be convicted of a crime not necessarily included in the information.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Information charging assault with intent to commit murder. Verdict of assault by means and force likely to produce great bodily injury. *Reversed.*

Lot L. Feltham, for Appellant.

The defendant was tried upon one charge and convicted and sentenced upon another charge not set forth in the information. The information charged an assault with intent to kill and murder, under sec. 8230, C. S. The defendant was found guilty of an assault by means and force likely to produce great bodily harm, under sec. 8252, C. S. These were two distinct offenses. There were no allegations in the information charging an assault by any means or force likely to do great bodily injury, as required by sec. 8252, C. S. The information did not charge an assault with a deadly weapon. The heavy stick or club was not described either as deadly or of weight sufficient to indicate a deadly weapon. . (*Ex parte Ah Cha,* 40 Cal. 426; *Ex parte Cox,* 3 Ida. 530, 95 Am. St. 29, 32 Pac. 197; *People v. Jacobs,* 29 Cal. 579; 3 Cyc. 1040, 1054.)

A party can only be convicted of a lesser offense than the one charged where the lesser is specifically charged as constituting a part of the higher, or by an added count, where the lower is necessarily included in the higher. (*Ex parte McLeod,* 23 Ida. 257, 128 Pac. 1106, 43 L. R. A., N. S., 813; *Territory v. Dooley,* 4 Mont. 295, 1 Pac. 747; *Territory v. West,* 4 Ariz. 212, 36 Pac. 207; *State v. Crawford,* 32 Ida. 165, 179 Pac. 511; 1 Wharton, Crim. Proc., 10th ed.,

sec. 299, p. 342; 3 Wharton, Crim. Proc., 10th ed., sec. 1675, p. 2106; *Reynolds v. People,* 83 Ill. 479, 25 Am. Rep. 410; *Barber v. State,* 39 Ohio. St. 660.)

Roy L. Black, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

The lesser crime of assault by force or means likely to produce great bodily harm is included within the greater crime of assault with intent to commit murder. (Sec. 8997, C. S.; sec. 1159, Kerr's Penal Code; *People v. English,* 30 Cal. 214; *Ex parte Donahue,* 65 Cal. 474, 4 Pac. 449; *People v. Pape,* 66 Cal. 366, 5 Pac. 621; *People v. Bentley,* 75 Cal. 407, 17 Pac. 436; *People v. Gordon,* 99 Cal. 227, 33 Pac. 901; *Ex parte Cox,* 3 Ida. 530, 95 Am. St. 29, 32 Pac. 197; *Matter of McLeod,* 23 Ida. 257, 128 Pac. 1106, 43 L. R. A., N. S., 813; *Territory v. West,* 4 Ariz. 212, 36 Pac. 207.)

The crime of assault by force and means likely to produce great bodily harm is sufficiently stated in the information. (*State v. Crawford,* 32 Ida. 165, 179 Pac. 511; *Matter of McLeod, supra; Territory v. West, supra.*)

If the information did not state any offense or did not state the offense of which the appellant was convicted, then it was the duty of the appellant to take advantage of the defect by a motion in arrest of judgment, or under a plea of not guilty, and, having failed to do either, he waived any right to raise that question for the first time in this court. (*State v. Hinckley,* 4 Ida. 490, 42 Pac. 510.)

RICE, C. J.—The information in this case charged that "in the County of Washington, State of Idaho, on or about the 23rd day of August, 1920, said defendant, Phumn Singh, then and there being did assault with intent to kill and murder one Parker Gundo, he the said defendant having the present ability so to do, by then and there striking, hitting and beating said Parker Gundo with a heavy stick or club, all of which said defendant did knowingly, unlawfully, wilfully, feloniously and with malice do," etc.

In Instruction No. 3, the court told the jury that they might return a verdict of guilty of assault by means and force likely to produce great bodily injury, if in its judgment the evidence justified such a verdict. To that instruction appellant excepted. The jury returned a verdict of guilty of assault by means and force likely to produce great bodily harm.

C. S., sec. 8997, provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

Appellant contends that the offense of which he was found guilty is not included in the information.

In the case of *In re McLeod,* 23 Ida. 257, 128 Pac. 1106, 43 L. R. A., N. S., 813, it was held that the crime of assault with a deadly weapon or instrument is not necessarily included in the statutory definition of murder. In the body of the opinion the court said:

"So, in the present case, the information might have charged the crime of murder in the language of the statute, or the information might have charged murder by an assault upon the person of another with a deadly weapon or instrument. In the first charge the defendant could be found guilty only of murder in one of the degrees specified in the statute—murder in the first degree, murder in the second degree, or manslaughter, if the evidence warranted such a finding. In the second charge, the jury could have found the defendant guilty of murder in any of the degrees, and also of the crime of assault with a deadly weapon or other instrument, if the evidence warranted such finding."

The information in this case did not charge an assault with intent to commit murder by means of a deadly weapon or instrument, or by any means and force likely to produce great bodily injury.

In the case of *People v. Perales,* 141 Cal. 581, 75 Pac. 170, the information charged that the defendant "did unlawfully

Opinion of the Court—Rice, C. J.

and feloniously commit an assault upon the person of J. M. Soto, by means likely to produce great bodily injury, to wit, with a heavy wooden stick.'' It was held that the information was not sufficient to designate the crime of assault by means likely to produce great bodily injury. The court said: ''A 'heavy wooden stick' is not *ex vi termini* a deadly weapon, or a deadly instrument. Nor does this description suffice to show that it is either. Neither, as described is it necessarily a means likely to produce great bodily injury.''

C. S., sec. 8827, provides that an indictment must be direct and certain as it regards the particular circumstances of the offense charged, when they are necessary to constitute a complete offense.

An information is not sufficient which states facts inferentially. The facts must be clearly and distinctly stated. (*People v. Robles,* 117 Cal. 681, 49 Pac. 1042; *People v. Cohen,* 118 Cal. 74, 50 Pac. 20; *People v. Simpton,* 133 Cal. 367, 65 Pac. 834; *United States v. McConaughy,* 33 Fed. 168; *State v. Divoll,* 44 N. H. 140.)

In this case, the information not having charged the crime of assault with intent to commit murder by means and force likely to produce great bodily injury, the conviction cannot be upheld.

The judgment is reversed, and a new trial ordered.

Dunn and Lee, JJ., concur.

McCarthy, J., dissents.

Budge, J., did not sit at the hearing, and took no part in the opinion.

Petition for rehearing denied.