STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. BEN-
JAMIN STAW, PLAINTIFF IN ERROR.

STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MOR-
RIS STAW, PLAINTIFF IN ERROR.

Submitted December 5, 1921—Decided February 2, 1922.

On writ of error to the Supreme Court, in which the
following *per curiam* was filed:

"Benjamin Staw was indicted by the grand jury of Essex
county for assualt and battery and atrocious assault and
battery upon Max Wechsler. A like indictment was found
against Morris Staw upon the complaint of Max Olshan.
The two indictments arose out of an affray occurring at the
time of the vacation by the Staws of a portion of building
in Newark owned by Wechsler and Olshan, and were tried
together in the Court of General Quarter Session of Essex
county. Each of the Staws was convicted of assault and
battery. From the judgments entered on these convictions
each has taken a writ of error to this court. The cases
were argued together and will be decided together as each
involves the same question.

"The first reason for reversal is the exclusion by the trial
court of the testimony of one Berlowitz, as to occurrences
between the complaining witnesses and some truckmen on
the day prior to the date of the alleged assault and battery.
Before this witness was called the Staws had testified and
denied that they had committed the assault and battery upon
the complaining witnesses. Under the circumstances the
trial court said there was no question of self-defence or
justification involved and excluded the evidence. We con-
sider this ruling, for the reasons given, proper. It was im-
material whether or not on the preceding day there was
bad blood between the complaining witnesses and the truck-
man.

"The second reason for reversal is addressed to a portion of the charge of the trial court in which the court said: 'A battery is the actual doing of an unlawful hurt, however slight, to another.' It is contended that under this statement the jury would have been justified in finding the defendants guilty if they had only hurt the feelings of the complaining witnesses. The portion of the charge from which the above sentence is taken is as follows: 'An assault is an attempt or offer with unlawful force or violence to do a corporal hurt or physical injury to another. A battery is the actual doing of any unlawful hurt, however slight, to another. To constitute the offences of simple assault and battery there must be two elements, the physical injury or corporal hurt, together with the intention to inflict the injury. An atrocious assault and battery is by maiming and wounding.'

"We consider this to be a correct definition of assault and battery and atrocious assault and battery.

"The other reasons for reversal are directed to the failure of the trial court to instruct the jury that they could not find the defendants guilty of assault and battery if it found them not guilty of atrocious assault and battery by maiming and wounding. No request to charge the jury to this effect was made, so the court's failure to so charge cannot be, in the absence of a request so to charge, assigned as error. If such a request had been made, it would have been error to have charged it. A person indicted for a crime may be convicted for any offence of a lower degree, provided such offence of a lower degree is necessarily included in the higher one charged in the indictment. *State* v. *Jackson,* 65 *N. J. L.* 115.

"We find no error in the trial and affirm the judgments."

For the plaintiff in error, *William A. Lord.*

For the defendant in error, *J. Henry Harrison,* prosecutor, and *Wilbur A. Mott,* assistant prosecutor, of the pleas.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.