# MABEL JOHNSON v. E. K. SAMPSON AND ANOTHER.[1]

April 30, 1926.

No. 25,218.

**Definition of assault.**

1. An assault is an inchoate battery. Actual physical contact is not, but violence, threatened or offered, is an essential element. Mere words or threats are not enough to constitute an assault.

**Complaint in action for assault.**

2. When a general allegation of assault is qualified by a specification of the acts which constituted it, the sufficiency of the complaint is to be determined from a consideration of the specific acts alleged.

**What creates cause of action.**

3. An act which is a wrongful invasion of a legal right and causes an injury to the body or mind, recognized by reputable physicians as an injury of which the act was the proximate cause, gives rise to a right of action against the wrongdoer, although there was no visible hurt at the time of the act complained of.

**Recovery of damages for false charge of unchastity.**

4. Under G. S. 1923, § 10120, a false charge of unchastity made against a school girl 15 years of age, in her immediate presence and in the presence of another, is a misdemeanor if there was no justification for the accusation, and, if it was the direct cause of mental or bodily injury, there may be a recovery of damages in an action other than one for slander.

Assault and Battery, 5 C. J. p. 616 n. 9; p. 617 n. 25; p. 650 n. 35. Torts, 38 Cyc. p. 440 n. 82; p. 497 n. 70.

---

See note in 38 L. R. A. (N. S.) 516.
See note in 51 L. R. A. (N. S.) 838; 6 A. L. R. 999; 2 R. C. L. 554; 1 R. C. L. Supp. 567 et seq.

[1]Reported in 208 N. W. 814.

E. K. Sampson and Marie Stenseth appealed from an order, Grindeland, J., overruling their demurrer to the complaint in an action for assault in the district court for Norman county. Affirmed.

*M. A. Brattland*, for appellants.

*O. J. Ostensoe*, for respondent.

LEES, C.

This is an appeal from an order overruling a demurrer to the complaint, the court having given the statutory certificate of doubt.

The sole question is whether the complaint states a cause of action. It alleges that on March 25, 1925, the plaintiff was a school girl 15 years of age, residing with her parents in Norman county, attending a public school in that county, and then in good health. On that day the defendants came to the school house and took her into a separate room and then and there assaulted her and committed other wrongs and injuries, "which said assault and other wrongs and injuries consisted of the wrongful and malicious acts hereinafter set forth as follows:" The specific acts then set forth are that defendants charged her with having had sexual intercourse with various men. She truthfully denied the charge, whereupon she was told that if she did not confess she would be sent to the reform school. By their acts and threats, defendants caused her to believe that she would be deprived of her personal liberty and she and her parents disgraced, and put her in such fear that she was deprived of her free will and reason. To avoid being imprisoned and disgraced, she admitted the charge, although in truth and in fact it was false. By reason of these acts, plaintiff suffered great mental anguish, and received a nervous shock which seriously and permanently impaired her health.

The trial court was of the opinion that the complaint did not state a cause of action for assault, but did state one "for actionable wrong."

Respondent argues that the acts stated in the complaint constitute an assault and that the complaint should be sustained on that theory.

An assault is an inchoate battery. Actual physical contact is not, but violence, threatened or offered, is an essential element. Jacobs v. Hoover, 9 Minn. 189 (204); Plonty v. Murphy, 82 Minn. 268, 84 N. W. 1005; Engle v. Simmons, 148 Ala. 92, 41 South. 1023, 7 L. R. A. (N. S.) 96, 121 Am. St. 59, 12 Ann. Cas. 740; Watson v. Dilts, 116 Iowa, 249, 89 N. W. 1068, 57 L. R. A. 559, 93 Am. St. 239; Brownback v. Frailey, 78 Ill. App. 262.

The great weight of authority is to the effect that mere words or threats do not constitute an assault unless accompanied by an offer of physical violence. Nelson v. Crawford, 122 Mich. 466, 81 N. W. 335, 80 Am. St. 577; Braun v. Craven, 175 Ill. 401, 51 N. E. 657, 42 L. R. A. 199; Degenhardt v. Heller, 93 Wis. 662, 68 N. W. 411, 57 Am. St. 945; Kramer v. Ricksmeier, 159 Iowa, 48, 139 N. W. 1091, 45 L. R. A. (N. S.) 928; Bouillon v. Laclede Gas Lt. Co. 148 Mo. App. 462, 129 S. W. 401; Mitchell v. Rochester Ry. Co. 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. 604.

In the present case the general allegation of assault is qualified by a specification of the acts which constituted it, hence the sufficiency of the complaint as one charging an assault is to be determined from a consideration of the specific acts set forth. Mitchell v. Mitchell, 45 Minn. 50, 47 N. W. 308. So considered, it is doubtful whether it states facts sufficient to constitute an assault.

But we think the complaint does state a cause of action for damages for a wrongful invasion of plaintiff's legal rights. In Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 Am. St. 370, it was said that the law will not furnish redress for a wrong unless there was an act which took effect upon the person, the property or some other legal interest of the complainant. But it was also said that wherever there is a wrongful act which infringes on a legal right, even though no physical harm was done or threatened, there may be a recovery if mental suffering was a proximate result of the act.

In Hickey v. Welch, 91 Mo. App. 4, it was said:

"The ancient superstition which found the proximate cause of mental and nervous diseases in diabolical possession, was scarcely

more ridiculous than the theory that when an ailment of that kind follows a great fright, due to another's tortious act, the fright and not the tort is the proximate cause of the injury."

In Wilkinson v. Downton, 2 Q. B. Div. (1897) 57, damages were allowed for the injurious consequences of fright intentionally caused by defendant, who came to plaintiff's house and told her that her husband had met with an accident in which both his legs were broken and that he was lying at a public house and wished plaintiff to come to him at once and bring him home. The statements were false, as defendant well knew, but were meant to be believed to be true. Plaintiff did believe them and became seriously ill in consequence of the fright caused by defendant's words. The court said that defendant had wilfully done an act calculated to cause physical harm to plaintiff and had thereby infringed on her legal right to personal safety; that his act would naturally produce some effect of the kind which was produced, hence an intention to produce it ought to be imputed to him; and that the effect of the false statement was not too remote to be in law regarded as a consequence for which he was answerable.

Cases holding that illness caused by fright is too remote a consequence of a negligent act to permit a recovery, unless there was some immediate physical harm, are not in point, for in such cases there is no element of wilful wrong.

The subject of legal responsibility for an injury caused directly and solely by fright is touched upon by Dean Pound in his Interpretations of Legal History, pages 120, 121. He notes that the American courts have been inclined to follow Victorian Railways v. Coultas, L. R. 13 App. Cas. 222 (1888), and generally deny a recovery for fright, "however manifest in physical consequences, unless the causal nexus was vouched for by intention to injure or by some physical impact at the time the fright * * * was culpably produced," and adds that "the doctrine had been rested upon a conception of the right of physical integrity as including integrity of the physical person, but not mere peace of mind" and that "the falsity of the assumption that nothing physical was involved in fright made no difference."

On the whole we see no good reason why a wrongful invasion of a legal right, causing an injury to the body or mind which reputable physicians recognize and can trace with reasonable certainty to the act as its true cause, should not give rise to a right of action against the wrongdoers, although there was no visible hurt at the time of the act complained of. Of course there is always a possibility of trumped up claims if there may be a recovery when no evidence of bodily injury can be discovered immediately. However, the matter is in the control of the trial courts and verdicts for plaintiffs for any substantial amounts, when based chiefly on proof of subjective symptoms, will not usually be allowed to stand.

The defendants are charged here with having falsely accused plaintiff of fornication.

G. S. 1923, § 10120, reads in part as follows:

"Every person who, in the presence and hearing of another, other than the female slandered, whether she be present or not, shall maliciously speak of or concerning any female of the age of twelve years or upwards * * * any false or defamatory words or language which shall injure or impair the reputation of such female for virtue or chastity, * * * shall be guilty of a misdemeanor. Every slander herein mentioned shall be deemed malicious if no justification therefor be shown."

G. S. 1923, § 10123, is the same except that it is not limited to persons of the female sex.

The complaint alleges that, confronting the plaintiff, the defendants made the charge against her in each other's presence. This was a violation of the statute. If the accusation was false and without justification, there was an invasion of plaintiff's legal right to be secure in her reputation for virtue and if, in consequence thereof, she was injured in the manner alleged, there may be a recovery, and an action for slander is not her only remedy. We think that, if everything relative to the alleged assault were stricken from the complaint, enough would remain to state a cause of action. If the facts are as pleaded, defendants' intentional and wrongful acts proximately caused both physical injury and mental suffering. The

suddenness and seriousness of the charge would certainly shock a young girl, produce some degree of mental suffering, and would be likely to do harm to her nervous system. An intention to produce the effects alleged to have been produced must be imputed to defendants.

We hold that the complaint states a cause of action, and affirm the order overruling the demurrer.