(No. 6361.   December 19, 1936.)

STATE, Respondent, v. GEORGE D. WILDING, Appellant.

[63 Pac. (2d) 659.]

W. A. Ricks, for Appellant.

150

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

AILSHIE, J.—June 12, 1935, a criminal complaint was filed in a justice court of Madison county, charging appellant with the commission of a criminal offense, in the following words and figures:

"That George D. Wilding, of Madison County, Idaho, on the 12th day of June, 1935, at and in the County of Madison and State of Idaho, then and there being, did commit the crime of battery, committed as follows: That he, the said George D. Wilding, on the said 12th day of June, 1935, in the County of Madison and State of Idaho, did wilfully and unlawfully use force and violence upon the person of one Howard Eckersell by then and there wilfully and unlawfully striking and fighting him the said Howard Eckersell."

Appellant was tried in the justice court and convicted of the crime of battery. He then appealed to the district court

of Madison county. A trial in the district court resulted in appellant's conviction of the crime of assault, whereupon judgment was entered imposing a fine and taxing costs in both the justice court and district court against defendant, from which he has appealed to this court. No question is raised here as to the sufficiency of the complaint with respect to charging the crime of battery. The decisive question presented on this appeal is: Is the complaint sufficient to support the conviction for an assault?

As we understand the law on the subject, the charge that a man has committed a battery necessarily includes the charge that the battery was preceded by an assault, which culminated in the battery. There could be no battery without previous assault. Sec. 17–1201, I. C. A., defines assault as follows:

"An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another"; and sec. 17–1203, defines a battery in these words:

"A battery is any wilful and unlawful use of force or violence upon the person of another."

The complaint on which appellant was tried in this case charges appellant with committing the crime of battery as hereinabove set out. It will be seen from the complaint that it is charged that the battery was committed "by then and there wilfully and unlawfully striking and fighting him the said Howard Eckersell." Now it is self-evident that appellant could not have "wilfully" struck Eckersell without making "an unlawful attempt" to do so. No battery could be committed without being preceded by an assault as defined by the statute. In other words, an assault is an inchoate battery. (*Johnson v. Sampson,* 167 Minn. 203, 208 N. W. 814, 46 A. L. R. 772.)

In the third edition of Black's Law Dictionary, under the definition of *battery* the following statement and citations are given:

"The actual offer to use force to the injury of another person is *assault;* the use of it is *battery,* which always includes an assault; hence the two terms are commonly combined in the term 'assault and battery.' (*McGlone v. Hauger,* 56 Ind. App. 243, 104 N. E. 116, 121; *Harris v. State,* 15

Okl. Cr. 369, 177 Pac. 122, 123; *State v. Staw,* 97 N. J. L. 349, 116 Atl. 425; *State v. Lichter,* 7 Boyce (Del.), 119, 102 Atl. 529, 530; *Anderson v. Crawford,* (C. C. A.) 265 Fed. 504, 506; *Johnson v. Sampson,* 167 Minn. 203, 208 N. W. 814, 815, 46 A. L. R. 772.)

"As to acts constituting assault and battery, see *Smith v. Kahn,* (Sup.) 141 N. Y. Supp. 520; *Timmons v. Kenrick,* 53 Ind. App. 490, 102 N. E. 52; *State v. Lehman,* 131 Minn. 427, 155 N. W. 399, 400, Ann. Cas. 1917D, 615; *State v. Stafford,* 113 N. C. 635, 18 S. E. 256; *Hively v. Higgs,* 120 Or. 588, 253 Pac. 363, 365, 53 A. L. R. 1052; *State v. Sudderth,* 184 N. C. 753, 114 S. E. 828, 829, 27 A. L. R. 1180."

The complaint here admittedly charged the appellant with the commission of a battery. If it be true that a battery is merely the consummation or last end of a successful assault, then the complaint here charged the appellant as fully with the commission of an assault as it did with the commission of a battery; and defendant was certainly not misled or deceived by the language used in the complaint.

We do not consider that the cases of *Matter of McLeod,* 23 Ida. 257, 128 Pac. 1106, 43 L. R. A., N. S., 813, *State v. Crawford,* 32 Ida. 165, 179 Pac. 511, and *State v. Singh,* 34 Ida. 742, 203 Pac. 1064, are in point in the case under consideration.

In the McLeod case the complaint simply charged that the defendant "did then and there wilfully, unlawfully, feloniously and with malice aforethought, kill and murder one George Guay, a human being." He was convicted of "an assault with a deadly weapon." The court reversed the conviction on the ground that the crime of murder may be committed in a great variety of ways, and since he was not charged with having committed the offense with a deadly weapon, in violation of the statute, that he could not be convicted of the crime of assault with a deadly weapon, under sec. 6732, Rev. Codes (sec. 17–1206, I. C. A.).

In *State v. Singh, supra,* the information charged defendant with "assault with intent to kill and murder one Parker Gundo, he the said defendant having the present ability so to do, by then and there striking, hitting and beating said Parker Gundo with a heavy stick or club." The jury re-

turned a verdict of "guilty of assault by means and force likely to produce great bodily harm." The judgment was reversed on the same grounds and authority stated in the McLeod case, *supra,* saying:

"The information not having charged the crime of assault with intent to commit murder by means and force likely to produce great bodily injury, the conviction cannot be upheld."

In the course of the discussion in that case the court stated that the means, by which the information alleged the assault was made, were not alleged to be such as would necessarily "produce great bodily harm."

In the case of *State v. Crawford, supra,* some discussion on this question appears in both the majority and dissenting opinions; nevertheless the case was not decided on that issue but was rather decided on the ground that the trial court had improperly sustained a demurrer to defendant's plea of once in jeopardy.

We are thoroughly convinced that a complaint, which charges a defendant with the commission of a battery, necessarily, and by its own terms, charges an assault committed in consummating the battery; and that, if the evidence justifies it, the jury may convict the defendant so charged of the crime of assault.

Appellant has assigned as error the insufficiency of the evidence to support the verdict. While the evidence is conflicting, we are not prepared to say that it is insufficient to justify the jury in returning a verdict of conviction. It is evident from the verdict returned that the jury did not believe that appellant had committed a battery on the complaining witness. On the other hand, it is equally clear that the jury believed that appellant at least provoked a fight by the commission of an assault.

Error is also assigned against the ruling of the court in permitting witnesses, Vernon Gillespie and Llewellyn Gillespie, to testify to the action of appellant in returning to or renewing the conflict after the first fight had been quelled. It is claimed by appellant that this evidence is too remote and is related to an independent transaction.

We are not able to agree with appellant in this respect, as it appears to have been really a mere continuation of the original controversy. It was a part of the *res gestae*. (*Coffin v. Bradbury*, 3 Ida. 770, 784, 35 Pac. 715, 95 Am. St. 37; *Wilson v. St. Joe Boom Co.*, 34 Ida. 253, 264, 200 Pac. 884; *Judd v. Oregon Short Line R. R. Co.*, 55 Ida. 461, 468, 44 Pac. (2d) 291; 101 A. L. R. 1202, note.)

The judgment must be affirmed, and it is so ordered.

Givens, C. J., and Budge., J., concur.

HOLDEN, J., Dissenting.—This case was originally assigned to me and I prepared an opinion which fully expresses my views on what appears to me to be the single, decisive question presented on the appeal. A majority of my colleagues take a different view of the case. Therefore, the opinion so prepared will now serve to express my dissent.

The decisive question presented on this appeal is: Defendant having been convicted in the district court of the commission of a simple assault, and not with the crime of battery, is the complaint sufficient to support the conviction for simple assault?

Section 17–1201, I. C. A., defines an assault as follows: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

And section 17–1203, I. C. A., defines the crime of battery in the following language: "A battery is any wilful and unlawful use of force or violence upon the person of another."

Under the statute (sec. 17–1201, *supra*) the elements of a simple assault are: (a) unlawful (b) attempt (c) coupled with a present ability (d) to commit a violent injury (e) on the person of another.

And under the statute (sec. 17–1203, *supra*) the elements of the crime of battery are: (a) wilful (b) unlawful (c) use of force or violence (d) upon the person of another.

Bearing in mind the elements of the offense of simple assault as fixed by section 17–1201, *supra*, in determining the sufficiency of the complaint, in the case at bar, to support a conviction for that offense, consideration must be given

to the rule laid down by section 19–4001, I. C. A., providing that:

"All proceedings and actions before probate and justices' courts for a public offense of which such courts have jurisdiction, must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint."

In *State v. Bidegain*, 33 Ida. 66, 189 Pac. 242, this court had under consideration the sufficiency of a criminal complaint also charging the commission of a misdemeanor, to wit, herding, grazing and pasturing sheep on a cattle range in violation of C. S., section 8333, now section 24–1607, I. C. A. This court held in that case that a criminal complaint, in order to be sufficient, must set forth all the elements necessary to constitute the crime sought to be charged.

Does the complaint in the instant case set forth the crime of assault "with such particulars of time, place, person . . . . as to enable the defendant to understand *distinctly* the character of the offense complained of, and to answer the complaint" (emphasis ours), and does the complaint set forth also all the elements of the offense of assault as fixed and defined by section 17–1201, *supra?*

That the complaint sets forth each and every element of the crime of battery is at once disclosed by a comparison of the complaint with section 17–1203, *supra*. The state having alleged all of the elements of battery, it follows that a person of common understanding, from a reading of the complaint, would necessarily have understood that he was required to answer the alleged commission of the particular crime charged in the complaint, to wit, battery. On the other hand, if the complaint had set forth all of the elements of the crime of simple assault, instead of the elements of the crime of battery, a person of common understanding would then, upon a reading of the complaint, necessarily have understood that he was charged with the crime of simple assault, that is to say, "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of

another"—under the statute (section 17–1201, *supra*) a different crime than the crime of battery. It is not a question here as to how a trained lawyer would understand the complaint, but how a person of common understanding, a layman, would understand it.

It appears from a comparison of the complaint with section 17–1201, *supra,* that the elements of the crime of simple assault, to wit, an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another (in this case, one Howard Eckersell), were omitted from the complaint. The state contends, however, that "every charge of battery in the language of the statute includes the charge of simple assault, warranting conviction of the lesser offense." As we understand the state, it contends that a charge of assault is necessarily included within, and must necessarily be inferred from, a charge of battery. In support of its contention, the state cites and relies upon section 19–2212, I. C. A., which provides as follows:

"Conviction of included offense.—The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

This court had occasion to construe that statute in the case of *State v. Singh,* 34 Ida. 742, 203 Pac. 1064. Stripped of all verbiage, it was charged that on or about the 23d day of August, 1920, in Washington county, Idaho, defendant Singh "then and there being did assault with intent to kill and murder one Parker Gundo, he the said defendant having the present ability so to do, by then and there striking, hitting and beating said Parker Gundo with a heavy stick or club, . . . . " In the Singh case, *supra,* the state contended that the lesser crime of assault by force or means likely to produce great bodily harm was included within the greater crime of assault with intent to commit murder. And in the case at bar, it is likewise contended by the state that a lesser crime is included within a greater, and, therefore, that a charge of battery "includes the charge of simple assault, warranting conviction of the *lesser* offense." (Emphasis ours.) In the Singh case, *supra,* the decisive question was,

and in the instant case the decisive question is, as to whether the facts constituting a lesser offense must be *clearly* and *distinctly* stated, as required by statute (sec. 19–4001, *supra*), or whether it is sufficient if the facts appear by inference or argument. This court held in the Singh case that the facts constituting a lesser offense must be *clearly* and *distinctly* stated and that it is not sufficient if the facts appear by inference and argument, and reversed the judgment of conviction and ordered a new trial. In the case at bar, the facts constituting the crime of simple assault are not *clearly* and *distinctly* stated, and if such facts can be made to appear in any way, or at all, it is only by inference and argument. (*State v. Smith,* 58 Mont. 567, 194 Pac. 131; *Connard v. State,* 56 Okl. Cr. 134, 35 Pac. (2d) 278; *Babbitt v. State,* 26 Wyo. 27, 174 Pac. 188; *Pettibone v. United States,* 148 U. S. 197, 13 Sup. Ct. 542, 545, 37 L. ed. 419.)

This court in the Singh case, *supra,* cited, quoted from, and approved *In re McLeod,* 23 Ida. 257, 128 Pac. 1106, 43 L. R. A., N. S., 813. And both the state and appellant cite and rely upon the McLeod case, the state to support its contention that "every charge of battery in the language of the statute includes the charge of simple assault, warranting conviction of the lesser offense," and appellant to support his contention that a defendant "can only be convicted of a lesser offense than the one charged, where the lesser is specifically charged as constituting a part of the higher, or by an added count, where the lower is necessarily included in the higher." In the McLeod case, *supra,* it was charged that "McLeod on or about the 19th day of October, 1912, at Rocky Bar, Idaho . . . . , did then and there wilfully, unlawfully, feloniously and with malice aforethought, kill and murder one George Guay, a human being." Following his conviction of an assault with a deadly weapon, McLeod filed an original petition in this court for a writ of *habeas corpus.* It will be observed, and McLeod contended, that the information did not charge that the murder was committed with a deadly weapon and, therefore, that the lesser offense, to wit, an assault with a deadly weapon, was not included in the greater—murder. It was there con-

tended by the state "that if the evidence on the trial of the offense charged, in regard to the facts and circumstances of such offense, necessarily proves commission of the minor offense and each and every element thereof, such minor offense is necessarily included in such charge." Here, the state makes substantially, if not identically, the same contention, it being contended that "it does not appear reasonable to aver, in the light of the words of the statute, that a wilful and unlawful infliction of violence upon the person of another could be accomplished unless preceded by an attempt, coupled with present ability, to do that very thing."

We have examined the record in the McLeod case and find that the murder charged in that case was actually committed with a deadly weapon, to wit, a Colt's revolver. Stated differently, the record in the McLeod case shows a completed offense of an assault upon Guay with a deadly weapon likely to and which did produce great bodily injury—the death of Guay. In the McLeod case the charge of murder was alleged in the language of the statute and, too, this court in that case was dealing with a completed assault, to wit, a completed assault with a deadly weapon. And in the case at bar the charge of battery is also made in the language of the statute, and it is contended by the state that the record here also presents a case of completed simple assault. Furthermore, the McLeod case embraced all the statutory grades, or offenses, of assault, to wit, simple assault, assault with a deadly weapon, and assault with intent to commit murder.

In the McLeod case, *supra*, after an exhaustive discussion, and full and careful consideration and analyses of the statutes defining murder, simple assault, and assault with a deadly weapon, as well as section 19–2212, *supra*, relied upon by the state in the case at bar, this court held that "Where an information is filed against a defendant, charging such defendant with the crime of murder, and such information charges the defendant with wilfully, unlawfully, feloniously and with malice aforethought killing and murdering one George Guay, a human being, and there is no allegation as to the manner or means of the killing, the defendant can only be convicted upon said charge of the crime of murder, which includes murder in the first degree, murder in the second

degree and manslaughter,'' and also that ''Where an information charges murder in the language of the statute only, the person charged may be found guilty only of murder in one of the degrees specified in the statute—murder in the first degree, murder in the second degree or manslaughter, if the evidence warrants such a finding. If, however, the information had charged murder by an assault upon the person of another with a deadly weapon or instrument, the jury could have found the defendant guilty of murder in any of the degrees, and also of the crime of assault with a deadly weapon or instrument, if the evidence warranted such a finding.''

It will thus be seen that this court squarely held that where an offense is charged in the language of the statute *only,* a defendant can be convicted only of the offense so charged, or of one of the degrees thereof, if such offense is divided into degrees, but that if a *lesser* offense is specifically charged as constituting a part of the higher, then, and in that case, the defendant can be convicted of the lesser offense. (See, also, *State v. Crawford,* 32 Ida. 165, 166, 169, 179 Pac. 511.)

The rule supported by the best reasoning seems to be that where one is charged with a higher offense, he may be convicted of an included offense *only* where the allegations of the complaint, or information, are sufficient to charge the lower. (*State v. Howard,* 157 Wash. 183, 288 Pac. 236; *State v. Miller,* 124 Iowa, 429, 100 N. W. 334; *Jones v. State,* 100 Ark. 195, 139 S. W. 1126; *House et al. v. State,* 186 Ind. 593, 117 N. E. 647; 1 Bishop Criminal Law, 9th ed., sec. 794, and cases cited.)

Moreover, appellant was not given an opportunity in either the justice or district courts to plead guilty or not guilty of assault. When he pleaded ''not guilty'' his plea was to a charge of battery and he was acquitted of that. He has never pleaded to the charge of assault for the very good reason that he was not charged with it and there was no issue in respect to that crime stated in the complaint to which it was possible to enter a plea.

I am authorized to say that Mr. Justice Morgan concurs in this dissenting opinion.