205 P.2d 504

## STATE v. GARDE.
### No. 7418.

Supreme Court of Idaho.
April 18, 1949.

Milo Axelsen and V. K. Jeppesen, both of Nampa, for appellant.

Robert E. Smylie, Atty. Gen., J. R. Smead, Assistant Atty. Gen., of Boise, and W. W. Wander, Prosecuting Atty., of Nampa, for respondent.

GLENNON, District Judge.

The Prosecuting Attorney's Information charging the defendant with the crime for which he was convicted, was, in part, as follows: "................ that Arthur D. Garde (at a certain time and place), then and there being, did then and there willfully, unlawfully and feloniously sell a bottle of liquor, to-wit: whiskey, for the sum of $7.00, to one R. C. Rosson, the said Arthur D. Garde not having a license as provided in Chapter 274, Idaho Session Laws, 1947 ................".

The jury found the defendant "guilty of the crime of illegal sale of liquor, as charged in the information." Said verdict was filed on November 21, 1947; and on November 24, 1947, the defendant was duly sentenced to serve a term in the Idaho State Penitentiary of "not more than five (5) years." The defendant moved for a new trial, which was denied.

The defendant appealed from the judgment and the order denying his motion for a new trial.

All of the assignments have been duly considered; but in' view of the conclusion of the court no useful purpose would be served by a discussion of such assignments.

The evidence offered by the plaintiff established a sale of a bottle of whiskey to an investigator, employed by the law enforcement department, in the presence of another officer and some friends. The appellant denied the sale, even denied his presence at the site of sale at the time testified to by the officers, and, of course, offered no evidence as to the circumstances surrounding the alleged sale. Appellant contended that the testimony of the plaintiff's witnesses established entrapment and accordingly requested instructions on that defense. The evidence on behalf of the plaintiff disclosed that the appellant was given the opportunity either to make a sale or refuse to do so and that he chose to sell. There was no entrapment and the requested instructions were properly refused, State v. Webster, 46 Idaho 798, 271 P. 578, and authorities therein cited.

Chapter 274 of the Acts of the 1947 Session of the Legislature (1947 Laws, p. 870) established procedure antecedent to the issuance of and provided for the ultimate issuance of licenses authorizing the sale of intoxicating liquor by-the-drink in municipalities and on railroad trains and boats.

Section 17 prohibited the issuance of any license until on or after July 1, 1947. Section 35 makes it a felony, punishable as therein provided, for any person to sell or keep for sale any intoxicating liquor *"without a license as provided in this Act"*.

Appellant contends that since licenses could not have been issued before July 1, 1947, the act did not become wholly operative, the felony of selling liquor without license did not exist and could not have been committed before that date and that on June 18, 1947, all sales of liquor by individuals, while unlawful, constituted misdemeanors only. Respondent, in answer, states in its brief: "As far as this case is concerned, there were, and could have been, no license on June 18, 1947. All persons were then subject to that provision". Obviously, it is respondent's position that the legislature made *all* persons who sold intoxicating liquor between March 19, 1947, and July 1, of the same year, and those who, after the latter date, sold without license guilty of felony.

The 1939 Session of the Legislature by Chapter 222 of its Acts (1939 Laws, p. 465) adopted a rather comprehensive plan for the regulation and control of the distribution of intoxicating liquors. It provided for the sale by the state, to permit holders, at state-owned stores and dispensaries, of bottled liquors not to be consumed upon the premises. The act contained many provisions, including Section 902, continuing the prohibition against all sales by individuals, making it unlawful for any person to sell and subjecting the offender to prosecution for a misdemeanor.

The 1947 Session of the Legislature by Chapter 274 of its Acts (1947 Laws, p. 870), passed and on March 19, 1947, the Governor approved, an act expressly designed *further* to regulate and control the sale and distribution of intoxicating liquors in the State and to eliminate certain illegal traffic then existing. The act did not expressly repeal any earlier act. But it did modify the 1939 Act by making it a felony for "any person who sells or keeps for sale any liquor *without a license as provided in this Act * * *"*. (Emphasis supplied.) Chap. 274, Sess.L.1947. The plan was entirely new. No statutory provision then existed authorizing or legalizing any sale of alcoholic liquor by-the-drink. Since electors in municipalities were to have the right to reject (Section 17 et seq.), immediate authority to sell throughout the state or even in any part of it was not contemplated. Many things were to be done before sales could legally be made anywhere. It required time to circulate, present and examine petitions for and to advertise and to hold elections, if desired; to enact ordinances by municipalities; to prepare, adopt and circulate rules and regulations; to receive applications for licenses and to investigate applicants and sites; to license bartenders and to do the many other things contemplated by the act before sale by anyone would be legal. But

these preliminaries could not be undertaken or accomplished without the authority of previously enacted and approved legislation and, until the act under consideration was passed and approved, there was none. In order that authority might exist and promptly be used to initiate and carry on the preliminary proceedings, the legislature enacted chapter 274 with emergency clause attached and, that time be afforded in which to complete the requisite preliminary proceedings, it was provided by Section 17 that no license would issue until on or after July 1, 1947. Until that date no sale could be made by any person, not even by one to whom a license might thereafter be issued. July 1, 1947, was the date upon which the plan of the legislature would become operative; it was the date upon which the regulatory and revenue features of the act would become effective. All that had transpired, all that was done or had to be done, was preliminary but, as observed, necessary.

 It does not follow that the appellant should be discharged. The essential act charged against him was the unlawful sale of intoxicating liquor. It was alleged to have been feloniously committed only because of the absence of authorizing license. To warrant conviction of misdemeanor proof of sale alone was sufficient; to warrant a conviction of felony the additional proof of absence of license was required. In this case that proof was supplied by the existence of a matter of which the court took judicial notice, namely, that

license could not at that time have been obtained. The misdemeanor of sale was by statutory definition of the offense and by the allegations of the information included in the charge of felony of sale without license; it was an offense of which the jury was required to find the defendant guilty before it could convict him of either. Section 19-2212, I.C.A., State v. Phinney, 13 Idaho 307, 89 P. 634, 12 L.R.A.,N.S., 935, 12 Ann.Cas. 1079; Matter of McLeod, 23 Idaho 257, 128 P. 1106, 43 L.R.A.,N.S., 813; State v. Singh, 34 Idaho 742, 203 P. 1064; State v. Garney, 45 Idaho 768, 265 P. 668; State v. Smailes, 51 Idaho 321, 5 P.2d 540; State v. Wilding, 57 Idaho 149, 63 P.2d 659; State v. Hix, 58 Idaho 730, 78 P.2d 1003. The jury found the appellant guilty of "illegal sale of intoxicating liquor as charged."

The jury having found the defendant guilty of the crime of illegal sale of liquor, it only remained for the court to determine the question of law as to whether defendant was guilty of a felony as charged in the information, or of the included misdemeanor.

 For the reasons hereinbefore stated, it is our conclusion that the legislature intended to fix July 1, 1947 as the date when the penalty clause of Chap. 274, making it a felony to sell intoxicating liquor without a license, would become effective.

 Therefore, the trial court should have imposed sentence for a misdemeanor,

214

as provided by Sec. 902 of Chap. 222, Sess. L.1939.

The judgment is modified by vacating the sentence for a felony. And the cause is remanded to the trial court with directions to impose sentence for a misdemeanor as provided by Sec. 902, Chapter 222, Sess.L. 1939.

HOLDEN, C. J., GIVENS, and PORTER, JJ., and BAKER, D. J., concur.