695 P.2d 420

**STATE of Idaho, Plaintiff-Respondent,**

v.

**George EISELE, Defendant-Appellant.**

**No. 14520.**

Court of Appeals of Idaho.

Jan. 24, 1985.

**1036**

Vernon K. Smith, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

1. I.C. § 18–901 now and at the time of the incident provides:

   **18–901. Assault defined.**—An assault is:
   (a) An unlawful attempt, coupled with apparent ability, to commit a violent injury on the person of another; or
   (b) An intentional, unlawful threat by word or act to do violence to the person of another,

Before HUNTLEY, Acting C.J., and McFADDEN and TOWLES, Acting JJ., Special Panel.

HUNTLEY, Acting Chief Justice.

George Eisele was tried for aggravated battery after he discharged a shotgun up a stairway during a fight at a party on May 15, 1981. A woman at the party was hit in the buttocks and on the ankle by a ricocheting shot. The jury was instructed on aggravated battery and on what were stated to be the necessarily included offenses of battery, aggravated assault, and assault. The jury found Eisele not guilty of aggravated battery, but found him guilty of the lesser included offense of aggravated assault.

Eisele argues on appeal that aggravated assault is ·not under these circumstances a lesser included offense of aggravated battery; that absent defendant's objection, (and even in the face of his counsel's affirmative approval of the instructions) instructions on assault and aggravated assault as lesser included offenses to aggravated battery were improper; and that no factual basis exists to support the verdict of aggravated assault.

We affirm the trial court's giving of the challenged instructions, and the conviction pursuant thereto, for the following reasons.

In *State v. Wilding*, 57 Idaho 149, 63 P.2d 659 (1936), this Court held that an assault is a necessarily included offense of battery. I.C. § 17–1201 then defined assault as "an unlawful attempt, coupled with present ability, to commit a violent injury on the person of another;"[1] I.C. § 17–1203 defined battery as "any willfull and unlawful use of force or violence upon the person of another."[2] The Court con-

coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

2. I.C. § 18–903 now and at the time of the incident provides:

   **18–903. Battery defined.**—A battery is any:

cluded that clearly the appellant there could not have " 'willfully' struck the victim without making an 'unlawful attempt' to do so ... An assault is an inchoate battery." *Id.* at 151, 63 P.2d at 660. The criminal code has since been amended to include the offenses of aggravated assault and aggravated battery.[3] The principles expressed in *Wilding* apply to those crimes as well.

Eisele argues that jury instructions on assault and aggravated assault were improper because the evidence does not support a reasonable view that those crimes were committed. I.C. § 19–2132(b) provides that the Court "shall instruct the jury on lessor included offenses when they are supported by any reasonable view of the evidence."

 Eisele concedes that he did not object to the jury instructions when given during the trial. The State argues in turn that Eisele's counsel's statement with regard to the jury instructions that "they are fine" forecloses an assignment of error based on the instructions. The State cites I.C.R. 30 which, prior to amendment effective in July, 1980, stated that "[n]o party may assign as error any portion of the change [sic] or omission therefrom unless he objects thereto prior to the time the jury is changed [sic]." Amended I.C.R. 30 does not include that limitation. I.C.R. 30 as amended does not preclude assignment of error in instructing where the defendant in a criminal case fails to object to the instructions in question.

Nevertheless we affirm on the ground that the jury could reasonably conclude from the evidence that Eisele was guilty of aggravated assault. The jury was entitled to believe the prosecution's view of the evidence that Eisele did not fall with his gun, accidentally causing it to discharge as he claims, but rather that he intended to fire the gun, in the general direction of those at the party, thus establishing " ... attempt, coupled with an apparent ability, to commit a violent injury on the person of another ..." I.C. § 18–901. The use of the gun brings the assault within the aggravated assault statute, I.C. § 18–905.

Affirmed.

McFADDEN and TOWLES, Acting JJ., concur.

---

    (a) Willful and unlawful use of force or violence upon the person of another; or
    (b) Actual, intentional and unlawful touching or striking of another person against the will of the other; or
    (c) Unlawfully and intentionally causing bodily harm to an individual.

3.  I.C. § 18–905 provides:
    **18–905. Aggravated assault defined.**—An aggravated assault is an assault:
    (a) With a deadly weapon or instrument without intent to kill; or
    (b) By any means or force likely to produce great bodily harm. [; or]
    (c) With any vitrol, corrosive acid, or a caustic chemical of any kind.

    (d) "Deadly weapon or instrument" as used in this chapter is defined to include any firearm, though unloaded or so defective that it cannot be fired.
I.C. § 18–907 provides:
    **18–907. Aggravated battery defined.**—A person commits aggravated battery who, in committing battery:
    (a) Causes great bodily harm, permanent disability or permanent disfigurement; or
    (b) Uses a deadly weapon or instrument; or
    (c) Uses any vitrol, corrosive acid, or a caustic chemical of any nature; or
    (d) Uses any poison or other noxious or destructive substance of liquid.