212 P.2d 655

. STATE v. GARDE.

No. 7558.

Supreme Court of Idaho.

Dec. 8, 1949.

Rehearing Denied Jan. 9, 1950.

Milo Axelsen, V. K. Jeppesen, Nampa, for appellant.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Boise, W. W. Wander, Pros. Atty., Nampa, for respondent.

HOLDEN, Chief Justice.

June 27, 1947, a criminal complaint was filed in the probate court of Canyon county, charging Arthur D. Garde with wilfully, unlawfully and feloniously selling a bottle of liquor, to-wit, whiskey, without having a license as provided by chapter 274, Idaho Session Laws · 1947. Thereafter a pre-

liminary examination was had and Garde was held to answer "for the offense charged in the complaint on file herein, to-wit: illegal sale of liquor, * * *."

September 22, 1947, an information was filed in the District Court in and for Canyon County, charging Garde on or about the 18th day of June, 1947, did "wilfully, unlawfully and feloniously sell a bottle of liquor, * * * not having a license as provided in Chapter 274, Idaho Session Laws 1947." Thereafter Garde was tried upon that charge and convicted of "illegal sale of intoxicating liquor as charged", that is to say, a felony, and was sentenced to a term in the state penitentiary of not more than five years. On appeal this court held section 35 of chapter 274, 1947 Sess. Laws, making it a felony for anyone to sell liquor without a license as provided in that act, did not become operative until July 1, 1947, and was not in effect June 18, 1947, the date upon which Garde was alleged to have violated the statute; and the cause was remanded to the trial court with directions to impose sentence for misdemeanor as provided by section 902, chapter 222, Session Laws, 1939. State v. Garde, 69 Idaho ——, 205 P.2d 504, 506.

Thereupon Garde filed a motion in arrest of judgment, which was later denied. Garde was then sentenced to imprisonment in the county jail of Canyon county for a period of ninety days and to pay a fine of $300, and costs of prosecution, from which he appeals to this court.

As we understand appellant, he contends this action was commenced in the probate court on the theory the sale of liquor without a license constituted a felony, and that upon that theory he was held to answer, informed against, tried, convicted in the district court and sentenced; and, further, that under the decision of this court his acts at most constituted a misdemeanor, not a felony; that in these circumstances the jurisdiction the probate court acquired upon the filing of the complaint, was jurisdiction to try the misdemeanor, and that such jurisdiction excluded jurisdiction of the district court to try the case in the first instance. Consequently, it was error to deny his motion in arrest of judgment. On the former appeal of this case we pointed out:

"The essential act charged against him [Garde] was the unlawful sale of intoxicating liquor. It was alleged to have been feloniously committed only because of the absence of authorizing license. To warrant conviction of misdemeanor proof of sale alone was sufficient; to warrant a conviction of felony the additional proof of absence of license was required. In this case that proof was supplied by the existence of a matter of which the court took judicial notice, namely, that license could not at that time have been obtained. The misdemeanor of sale was by statutory definition of the offense and by the allegations of the information included in the charge of felony of sale without license; it was an offense

of which the jury was required to find the defendant guilty before it could convict him of either [Citing sec. 19-2212, I.C.A., and cases]. The jury found the appellant guilty of 'illegal sale of intoxicating liquor as charged.'

"The jury having found the defendant guilty of the crime of illegal sale of [intoxicating] liquor, it only remained for the court to determine the question of law as to whether defendant was guilty of a felony as charged in the information, or of the included misdemeanor.

"For the reasons hereinbefore stated, it is our conclusion that the legislature intended to fix July 1, 1947 as the date when the penalty clause of Chap. 274, making it a felony to sell intoxicating liquor without a license, would become effective.

"Therefore, the trial court should have imposed sentence for a misdemeanor, as provided by Sec. 902 of Chap. 222, Sess. L. 1939.

"The judgment is modified by vacating the sentence for a felony. And the cause is remanded to the trial court with directions to impose sentence for a misdemeanor as provided by Sec. 902, Chapter 222, Sess. L. 1939."

That decision is the law of the case. Appellant did not make an application for a rehearing. It will be observed we remanded the case to the "trial court with directions to impose sentence for a misdemeanor as provided by Sec. 902, Chapter

222, Sess. L. 1939." That mandate, in the circumstances, barred consideration of any and all attacks made, or which could or should have been made, against the judgment.

It follows the judgment must be affirmed, and it is so ordered.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.