## STATE v. DENNIS ANTON.

### 132 N. W. (2d) 751.

### January 15, 1965—No. 39,220.

*Terrance S. O'Toole,* for appellant.

*Walter F. Mondale,* Attorney General, *J. Earl Cudd,* Solicitor General, *Charles C. Johnson,* County Attorney, and *Marlin R. Kunard,* Assistant County Attorney, for respondent.

OTIS, JUSTICE.

Defendant appeals from a judgment convicting him of assault in the second degree. He raises the single issue of whether or not the verdict is sustained by the evidence, it being his contention that at the time of the occurrence the complaining witness did not as a matter of law have a well-founded fear of imminent peril.

The facts constituting the offense are unusual to say the least. According to defendant, he was released from the State Reformatory on August 6, 1962, and returned directly to his home in Mankato where he attempted unsuccessfully to secure work as a welder. Frustrated in his efforts to get employment, defendant launched a 3-day drinking spree, during which time this offense occurred. On August 31, 1962, he spent a considerable part of the evening in an intoxicated condition

at the home of his stepfather's nieces at 1956 Seventh Avenue in the city of Mankato. At about 1:30 the following morning, September 1, 1962, the complaining witness, Kenneth Cogley, was parked at that address, sitting behind the wheel of an automobile occupied by two of the nieces and two other teen-age companions. While defendant claims to have no recollection of the events which followed, the versions of four of the occupants of the car were in substantial agreement. Defendant approached Cogley with a partly consumed fifth of whiskey in one hand and a loaded .38 revolver in the other. He told Cogley to take a drink from the bottle which Cogley declined. Thereupon defendant said, "You better take a drink," and placed the revolver at Cogley's head. Understandably, Cogley acquiesced. Cogley then handed the bottle back to defendant. Thereupon defendant gave the revolver to Cogley and said, "Point it at me and I'll take a drink." While defendant was imbibing, Cogley laid the revolver on the front seat. Cogley then returned the gun to defendant and drove off. The only departure from Cogley's account of the incident was testimony that when defendant thrust the gun through the window he said, "I said take a drink or I will use it," and the denial by one of the girls that defendant handed the gun to Cogley. Cogley testified that when the gun was pointed at his head he took the drink "[b]ecause I was afraid he might use it."

It is undisputed that defendant and Cogley knew one another only by sight and that their previous acquaintance was limited to occasions when defendant patronized a service station where Cogley was employed. No argument or dispute had occurred at any time between defendant and Cogley, and neither of them indicated any prior ill will toward the other. Cogley did not report the matter to the police for 3 days and then only casually because an officer happened to be in Cogley's service station.[1] Cogley's reluctance to file a complaint can perhaps be explained by the fact he was a 33-year-old married man in company with three juveniles and another teen-ager, one of whom testified he furnished her beer that night and made advances toward her while parked until dawn at a gravel pit on the outskirts of town.

---

[1] At the time of defendant's arrest the police found 3 pistols and 15 shells in the automobile in which he was riding.

The statute under which defendant was prosecuted is Minn. St. 1961, § 619.38, which provided as follows:

"Every person who, under circumstances not amounting to assault in the first degree:

\* \* \* \* \*

"(4) Shall wilfully and wrongfully assault another with a weapon or other instrument or thing likely to produce grievous bodily harm; \* \* \*

\* \* \* \* \*

"Shall be guilty of an assault in the second degree, and be punished by imprisonment in the state prison for not more than five years, or by a fine of not more than $1,000, or by both."[2]

The court gave the following charge on assault, to which defendant takes no exception:

"\* \* \* Assault is an intentional, unlawful offer or threat of corporal injury to another by force, or by force unlawfully directed toward the person of another under such circumstances as to create a well-founded fear of imminent peril, coupled with apparent present ability to execute the same. Wilfully means with an evil intent or bad purpose and does not require any specific intent to inflict grievous bodily harm."[3]

Defendant contends that as a matter of law Cogley had no well-

---

[2]The equivalent section in the new Criminal Code effective September 1, 1963, may be found in L. 1963, c. 753, § 609.225, subd. 2, which provides as follows: "Whoever assaults another with a dangerous weapon but without intent to inflict great bodily harm may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both."

[3]Johnson v. Sampson, 167 Minn. 203, 205, 208 N. W. 814, 815, 46 A. L. R. 772; State v. Nelson, 199 Minn. 86, 93, 271 N. W. 114, 118; Perkins, *An Analysis of Assault and Attempts to Assault*, 47 Minn. L. Rev. 71; Black, Law Dictionary (4 ed.) p. 147: "An intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward person of another, under such circumstances as create well-founded fear of imminent peril, coupled with apparent present ability to execute attempt, if not prevented."

founded fear of imminent peril and that the evidence does not support a finding he was unnerved or excited by defendant's actions because there was no hostility between the parties and Cogley made no complaint for several days. Defendant argues that Cogley would not have returned a loaded gun to defendant had he been alarmed by what occurred.

While we readily agree that the conduct of both defendant and Cogley defies rational explanation, we cannot say that as a matter of law the jury was not justified in finding defendant guilty. It was not unreasonable for them to conclude that one who is sitting in an automobile with a loaded gun pointed at his head by a casual and intoxicated acquaintance entertains a well-founded fear of imminent peril. The fact that subsequently the defendant surrendered the revolver to Cogley, we concede, may well have allayed the apprehension Cogley entertained a moment or two before. Be that as it may, and however imprudent and foolhardy we may regard him for returning the gun, it does not conclusively demonstrate that for a time, albeit fleeting, Cogley did not experience grave concern for his safety.

The jury had before it the testimony of all the witnesses save one. We find nothing in the record which indicates that Cogley's relationship with defendant was of such a nature that he believed defendant's behavior was prompted by benign motives. Since this is the only issue raised, the judgment is affirmed.

Affirmed.